■ HECTOR CHARTRAND et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 55098.) — Appeal from a judgment, entered March 6, 1974, upon a decision of the Court of Claims dismissing the claim after trial. Claimants owned a piece of realty located along the easterly side of Route 30 near Tupper Lake in Franklin County, on which they operated a restaurant during the summer months for about 15 years until it was closed on August 28, 1970. Northerly of and adjacent to these premises was a parcel on which there was a State Police substation and on which there was located, 57 feet from the restaurant building, a gasoline pump owned and maintained by the State of New York, with an accompanying 1,000-gallon storage tank. In late May, 1969, as claimants prepared to open their business for the season, they noticed a strong odor of gasoline and then observed gasoline floating on top of water which periodically seeped into the cellar. The State Troopers investigated the situation and advised claimants to close the restaurant which they did for four days. Earlier that spring the State Police had noticed that they were missing several hundred gallons of gasoline and, around June 18, 1969, a fuel and gas concern repaired a broken coupling in the pump. A State Police report dated June 6, 1969 stated that "the station's gasoline facilities are the only possible source of gasoline running into Mr. Chartrand's restaurant cellar", and there was proof that from 1969 to 1973, inclusive, especially in the spring after heavy rains, gasoline came into that area. In the spring of 1971, two Sergeants took samples from claimants' premises and an analysis by the State Police indicated the presence of gasoline similar to that used at the substation. On May 8, 1972, following claimants' complaint of reoccurrence of gas seepage, a Field Representative of the State Division of Fire Safety found evidence of gas and oil on the basement floor. Subdivision 3 of section 10 of the Court of Claims Act provides: "A claim to recover damages for injuries to property * * * caused by the tort of an officer or employee of the state * * * shall be filed within ninety days after the accrual of such claim". The expression "claim accrued" is not identical with that of "cause of action accrued", since the claim accrues when it matures and the words "claim accrued" have the same meaning as "damages accrued" (*Waterman* v. *State of New York,* 19 A D 2d 264, 266). As to claims like these, the 90 days do not start to run until the extent of the damage can be ascertained (*Taylor* v. *State of New York,* 302 N. Y. 177, 185) and, thus, where a continuing injury or other circumstance prevents an evaluation of damages at the time of the occurrence or wrong, the time for filing a claim does not begin to run until such an evaluation can be made (*Bronxville Palmer* v. *State of New York,* 36 A D 2d 647). The decision of the Court of Claims, made after trial, that claimants could have ascertained their damages by June of 1971, if not on August 28, 1970 when the restaurant business was closed, and that, therefore, the claim filed on June 8, 1972 was untimely is not against the weight of the evidence (cf. *Bronxville Palmer* v. *State of New York, supra*; *Waterman* v. *State of New York, supra,* pp. 267–268). The instant claim, based on negligence, should be disposed of on appeal according to that theory as mutually agreed upon and asserted by both parties (*Racine* v. *Morris,* 201 N. Y. 240, 243; 10 Carmody-Wait 2d, N. Y. Practice, § 70:414 *et seq.*). There was no showing of an act of negligence during the 90-day period prior to the filing of the claim and trespass was not shown.

While a trespasser to be liable need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness (*Phillips* v. *Sun Oil Co.*, 307 N. Y. 328, 331). Judgment affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.