Robert J. Mangum, J.
In this motion defendant moves to dismiss the claim as untimely filed. The claim seeks damages for the malpractice of physicians employed by the Downstate Medical Center while performing a sterilization procedure known as a bilateral tubal ligation. The surgery was performed on November 15 or 16, 1973 and the claim filed on November 8,1976.
The operation consists of severing both fallopian tubes. During the summer of 1976, after experiencing abdominal pain a physician diagnosed claimant’s condition as perforated ulcers. Thereafter, as a result of a worsening condition, claimant was admitted to Brookdale Medical Center where an exploratory operation revealed an ectopic or tubular pregnancy. This pregnancy was discovered on August 17, 1976, within 90 days of the filing of the claim.
The question for determination is whether the claim was filed within 90 days after the accrual of such claim.
It has generally been held that a cause of action arises at *973 the time the injury is inflicted or the malpractice occurs and not when the extent of the damages is ascertained. (Schwartz v Heyden Newport Chem. Corp., 12 NY2d 1073.) This rule, when applied to medical malpractice actions, is not without judicial refinement. As recent as 1969, the Court of Appeals stated that there is a distinction between negligent medical treatment and medication cases and situations where foreign objects are left in a patient’s body.
In Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427, 431) the Court of Appeals declared that "where a foreign object [surgical clamps] has negligently been left in the patient’s body, the Statute of Limitations will not begin to run until the patient could have reasonably discovered the malpractice.”
In extending the above doctrine to the facts of this case the court is not unmindful of the admonitions in Flanagan but is promptéd by the same common sense and logic in not applying the traditional rule. While not medically, certainly legally, there is no difference between a forgotten surgical clamp and an unsevered fallopian tube when the negligence is the product of something left behind.
The foreign object theory has been extended to include a broken prosthesis (Murphy v St. Charles Hosp., 35 AD2d 64) and injury to an internal organ during an unrelated operation (Dobbins v Clifford, 39 AD2d 1). As in these cited authorities, no claim can be made of a feigned or frivolous cause of action. Additionally, there is no causal break between the negligence of the doctor or hospital and the claimant’s injury. (Flanagan v Mount Eden Gen. Hosp., supra, p 430.)
The Dobbins case is particularly in point with the instant claim. In that case, where the patient’s pancreas was injured during an operation for the removal of the spleen, the Appellate Division, Fourth Department, extended the Flanagan ruling because of fundamentally similar factors. "They are: an act of malpractice committed internally so that discovery is difficult; real evidence of the malpractice in the form of the hospital record is available at the time of suit; professional diagnostic judgment is not involved, and there is no danger of false claims.” (Dobbins v Clifford, supra, pp 3-4.)
There is nothing in the moving papers or reply affirmation rebutting claimant’s averment that she did not and could not reasonably have discovered the injury about which she complains prior to the exploratory operation of August 17, 1976.
*974 The State’s motion to dismiss the claim as being untimely filed is denied, and it is so ordered.