Robert J. Mangum, J.
Claimant moves by order to show cause for permission to file a late notice of claim. The defendant has cross-moved for an order dismissing a previously filed claim as untimely. Both applications are denied in accordance with the following memorandum decision.
During the period of July 11, 1973 until April 17, 1974 claimant alleges that the New York State Tax Commission unlawfully padlocked and withheld possesion of its property located at 322-324 Utica Avenue, Brooklyn, by means of a tax levy. A notice of intention was filed July 31, 1974 and the claim filed on September 25, 1975. Since there was a physical invasion of claimant’s property and a direct legal restraint on its use a de facto taking occurred. (City of Buffalo v Clement Co., 28 NY2d 241; Hylan Flying Servs. v State of New York, 54 AD2d 278.) The claim having been filed within three years *775 of the intrusion was timely. (Court of Claims Act, § 10, subd 1.)
Notwithstanding the foregoing, both counsel have considered the claim as sounding in trespass. Bearing this in mind the court has reviewed the respective positions of counsel. Even under the theory of trespass the court would be constrained to dismiss the claim and permit the filing of a late claim. The court’s alternative approach to the requested relief is reasoned as follows.
Claimant moves to permit a claim to be filed pursuant to the late filing provisions of subdivision 6 of section 10 of the Court of Claims Act. While the claim arose prior to the effective date of the statute the new grounds for permitting the filing of late claims has recently been given retroactive affect. (Kelly v State of New York, 57 AD2d 320.) Among the new provisions governing the exercise of the court’s discretion is whether an action asserting a like claim would be barred under the limitations of CPLR article 2. The claim seeks recovery for a continuous trespass (509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48) that did not accrue until the State vacated the premises and claimant was able to ascertain the full extent of its damages. (Boland v State of New York, 30 NY2d 337; Chartrand v State of New York, 46 AD2d 942.) Since the controlling period for trespass claims is three years (CPLR 214), the April 5, 1977 return date of the motion makes the application timely.
In opposing the application and cross-moving to dismiss the claim the State contends claimant has not alleged a meritorious cause of action. The basis for the State’s position is the authority of a recent Appellate Division decision. (See Hudson Val. Sand & Stone Co. v State of New York, 57 AD2d 344.) The circumstances of that case, while similar, are distinguishable from those at bar. In the cited authority the Tax Commission’s lockout was treated as a de facto taking by the lower court. The Appellate Divison held there was no appropriation since the alleged wrongful ouster occurred against a tenant in possession. Additionally, the landlord had an apparent remedy against the holdover tenant which it failed to exercise. As in the cited case claimant is a landlord of premises over which the Tax Commission made levy against the personal property of its tenant, an errant taxpaper. In addition, a temporary restraining order was obtained to prevent the dissolution of the disputed property.
*776 The State’s purported authority, however, is not controlling. Of signal difference is that here the levied property were fixtures and the tenant, according to the proof now before the court, was obstensibly out of possession and not entitled to same at the time of the levy. Claimant’s possessory interest in the property prior to the time of the alleged interference arose from an abandonment by the tenant.* The fact claimant moved expeditiously to protect its ownership of the fixtures by obtaining a restraining order delaying the auction, should not, as suggested by the State, work an estoppel to the maintenance of a claim for the underlying wrongdoing. Whether claimant acted wisely or otherwise prevented the State from removing itself from the premises sooner than it did may be raised in mitigation of the damages.
In considering the various criteria bearing upon the exercise of the court’s discretion to permit a claim to be filed late, a reasonable excuse need only satisfy the initial prescribed period. (Contra Woodley v State of New York, 88 Misc 2d 889, 892.) This court is of the opinion it is not necessary to excuse the hiatus between the accrual of the claim and bringing the motion.
The purposes of the predecessor and present statutes are to permit the filing of a claim by a claimant who failed to properly file a claim, or notice of intention, within the prescribed period for filing either document. "[Wjhether the delay in filing the claim was excusable” (Court of Claims Act, § 10, subd 6) relates to this mandated period from the accrual of the claim. This is the period that is crucial to the court’s jurisdiction. Even under the provisions of the former rule it was only this initial period the excuse need relate. (McGaughy v State of New York, 55 AD2d 823.)
The new filing provisions have vested the court with broader discretion by liberalizing the grounds and lengthening the time limits for discretionary acceptance of late claims. (Kelly v State of New York, 57 AD2d 320, supra.) Certainly, the sponsors of the new rule did not intend to change former considerations that were consistent with making the basis for late filing less onerous. (Governor’s Memorandum, L 1976, ch *777 280, NY Legis Ann, 1976, p 393.) The remedial and ameliorative aspects of the new filing provisions should not be constricted within a camisole of narrow reasoning. As observed by our colleague, Judge Vincent A. DeIorio, in Mickel v State of New York (Dec. 6, 1976): "[t]here is little logic and fairness in providing greater access by restricting the Court’s discretion in permitting the late filing of claims.”
The reason for the notice of intention having been filed two weeks late is attributed to counsel for claimant’s inadvertence. While this would not be an acceptable excuse under the predecessor provisions (500 Eighth Ave. Assoc. v State of New York, 30 AD2d 1010), it is no longer determinative where sufficient other grounds exist to accept the late filing of the claim. The facts reveal there is no other remedy available and prejudice to the State does not exist. In addition, the State had knowledge of the underlying meritorious claim as a result of the Supreme Court action restraining the auction and an opportunity to investigate the circumstances giving rise to the alleged wrongdoing during the pendency of that proceeding.
Therefore, while the court would permit a late claim to be filed nunc pro tune, for the reason described at the outset of this decision, the claim was timely filed. A short form order will be signed denying both motions.

 This finding is based upon the exhibits and averments comprising claimant’s supporting papers. The finding is only controlling for purposes of deciding the instant motions. The State should not be precluded from submitting at trial other available and convincing proof bearing upon the absence of claimant’s present right to possession. (See Marrano v State of New York, 80 Misc 2d 768.)