■ YVROSE PAUL et al., Respondents, v STATE OF NEW YORK et al., Appellants. (Claim No. 60672.)—Appeal from an order of the Court of Claims, entered December 8, 1976, which denied a motion to dismiss the claim. In this claim, essentially for medical malpractice, it is alleged that claimant, Yvrose Paul, entered defendant, Downstate Medical Center, on November 15, 1973, for the birth of her second child and for a sterilization procedure known as a bilateral tubal ligation. Claimant contends that she assumed that the sterilization procedure was completed on or about November 15 or November 16, 1973, but that she was not sterilized because only one of her fallopian tubes was cut during the operation. In June, 1976 claimant experienced abdominal pains and, after much conjecture and confusion, it was discovered on August 17, 1976 that she was pregnant. The claim was filed on November 8, 1976. In our view the claim should be allowed under subdivision 6 of section 10 of the Court of Claims Act, which allows the court, upon consideration of a variety of specified conditions, to grant permission to a claimant "to file such claim at any time before an action asserting a like claim against a citizen of the state would be barred

under the provisions of article two of the civil practice law and rules". Although at the time of the act complained of herein the outside limit for allowing the filing of late claims was two years after the accrual of the cause of action (former § 10, subd 5 of the Court of Claims Act, amd by L 1976, ch 280, § 1, eff Sept. 1, 1976), because the amendment allowing a filing any time within the Statute of Limitations period is remedial in nature it should be given retroactive effect (see *Nolan v County of Otsego,* 55 AD2d 422). When the alleged act of malpractice occurred, the former subdivision 6 of CPLR 214 provided for a three-year Statute of Limitations for malpractice. The subsequent legislation restricting the limitations period in medical malpractice cases to two years and six months (CPLR 214-a; L 1975, ch 109, § 6) is applicable only to acts or omissions occurring after July 1, 1975. Claimant having duly filed her claim within three years, we must now examine the statutory preconditions to allowing a late filing. Although the State did not have notice of the essential facts constituting the claim at the time of the alleged acts or omissions, there should be no particular problem in now investigating the claim and, accordingly, little prejudice to the State if the filing is allowed. The claim has merit on its face, the late discovery excuses the late filing and claimant has no other remedy. We view the denial of the motion to dismiss this claim as a provident exercise of discretion. Order affirmed, with costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur. [88 Misc 2d 972.]