■    ETHEL LEWIS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 57736.)—Appeal from an order of the Court of Claims, entered May 16, 1975, which granted defendant's motion to dismiss the claim. Alleging that, on October 19, 1972, an individual in the custody of defendant assaulted the female claimant herein in the course of an escape attempt at the Kings County Supreme Court building, claimants commenced the present action against the State based upon its alleged negligence in failing to control the assailant. On January 18, 1973, they filed with the clerk of the Court of Claims a notice of intention to file a claim, and on July 26, 1973, they filed a claim for $31,320. Subsequently, on January 31, 1975, the State moved to dismiss the claim on the ground that it was not timely filed, and claimants cross-moved for an order permitting them to amend their claim so as to allege that the cause of action accrued on June 28, 1973, the date on which the female claimant received her last medical treatment for the injuries resulting from the alleged assault. They also sought an order granting them "such other and further relief as to this Court may seem just and proper", but their cross motion was denied in all respects. Holding that the filing was untimely, the court granted the State's motion and dismissed the claim. On this appeal, we find that the order dismissing the claim must be reversed. Claimants' cause of action plainly accrued at the time of the alleged assault on October 19, 1972 rather than after medical treatment was completed on June 28, 1973 *(De Groff v State of New York,* 43 AD2d 993), and, consequently, their notice of intention to file a claim was filed one day late, i.e., 91 days after the accrual of the claim (Court of Claims Act, § 10, subd 3). Nonetheless, in our view, the peculiar and compelling circumstances of this case mandate that claimants be permitted to file late and that the notice of intention and the claim, filed on January 18, 1973 and July 26, 1973 respectively, be considered valid. Supportive of this result is the 1976 amendment to section 10 of the Court of Claims Act, which is retroactively applicable to the situation here *(Paul v State of New York,* 59 AD2d 800) and greatly broadens the discretion of the judiciary in granting permission for the late filing of claims (see L 1976, ch 280, eff. Sept. 1, 1976). Considering factors relevant to our determination as set forth in that amendment, we find that the uncontroverted affidavits of claimants' attorney establish that the State had notice of the essential facts constituting the claim within the statutory 90-day filing period. Accordingly, it also had ample opportunity to investigate the underlying circumstances, and it appears that it was not in any way prejudiced by the brief delay in filing. Likewise, the claim appears to be meritorious with claimants lacking any

other remedy. Finally, we hold that the tardiness in filing is excusable. Seemingly the result of understandable oversight, the delay should not serve to deny claimants an adjudication on the merits, particularly in view of the other factors noted above and since the filing was only one day late. Under all these circumstances, we conclude that the interests of justice mandate our ruling that the claim be accepted by the State as a permissible late filing and that the matter thereafter proceed to trial. Order reversed, on the law and the facts, without costs, and cross motion granted. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.