LEONARD SESSA et al., Appellants, v STATE OF NEW YORK, Respondent.

Third Department, July 27, 1978

### APPEARANCES OF COUNSEL

*Samuel Goldstein & Sons (Arthur D. Goldstein* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Martin J. Siegel* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

Claimants were owners, as tenants in common, of a parcel of land in Suffolk County when, on April 7, 1970, the State

appropriated a portion thereof for the construction of the Long Island Expressway by the filing of a description map in the Suffolk County Clerk's office. Personal service was thereafter completed on all of the claimants on January 14, 1971, but no claim was ever filed on their behalf. Finally, on September 7, 1976, claimants moved for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act, which was enacted by chapter 280 of the Laws of 1976, effective September 1, 1976. Holding that the claim was time-barred on the effective date of subdivision 6 and that that enactment should not be retrospectively applied so as to resurrect said claim, the court denied claimants' motion, and this appeal ensued.

Seeking a reversal of the court's order denying their motion, claimants now argue that our earlier decisions in *Paul v State of New York* (59 AD2d 800) and *Lewis v State of New York* (60 AD2d 675) are controlling in their situation and that, in accordance therewith, subdivision 6 must be retrospectively applied to their claim. For the reasons that will follow, however, and particularly in light of the Court of Appeals subsequent holding in *Matter of Beary v City of Rye* (44 NY2d 398), we cannot agree and instead conclude that our position in *Paul (supra)* and *Lewis (supra)* must be overruled.

■ ■ Therefore, we hold that the order of the Court of Claims should be affirmed. In so ruling, we would initially point out that as a general rule, absent a clear expression of legislative intent to the contrary, amendatory statutes are to be given prospective application only *(Matter of Mulligan v Murphy,* 14 NY2d 223), particularly where, as here, they carry an effective date *in futuro (Matter of Deutsch v Catherwood,* 31 NY2d 487). Moreover, at all times relevant herein, a three-year limitation period was applicable to appropriation claims such as the instant one (Court of Claims Act, § 10, subd 1), and this period was not altered by the enactment of subdivision 6 which by its express terms served only to expand the court's discretionary power to permit the filing of late claims. Such being the case and since personal service had been completed on all of the claimants as of January 14, 1971, it is beyond dispute that the Statute of Limitations had run on the instant claim with regard to all of the claimants as of January 14, 1974. That being so, with the passing of this latter date, the claim "had passed beyond the power of judicial recall", and there was no longer any need for the State, under

the law as it existed at that time, to continue to safeguard its interests "by gathering and preserving evidence" relative to the claim *(Matter of Beary v City of Rye, supra,* p 413). Under these circumstances, for us to now resurrect the claim many years later by holding subdivision 6 to be retrospectively applicable thereto would obviously be highly prejudicial to the interests of the State, and we cannot justify such a course of action.

In our view, *Matter of Beary (supra),* cited above, presents a strikingly analogous situation involving legislation granting the judiciary greater discretion in extending the time to file a notice of claim against a public corporation (General Municipal Law, § 50-e, subd 5). The Court of Appeals held in that case that the statute in question could be retrospectively applied to continue and extend the existence of claims which would have retained some viability on the new statute's effective date, even absent the retrospective application thereof, through the possible exercise of judicial discretion under the prior existing law to permit a late filing. As for claims which had finally expired and "passed beyond the power of judicial recall" on the new statute's effective date, however, the court ruled that the statute could not be retrospectively applied so as to revive them.

We find the court's rationale in *Matter of Beary (supra)* controlling and persuasive and are unable to justify applying a different rule to claimants' situation here. Such being the case, subdivision 6 cannot be applied so as to give the present claim new life, said claim having finally expired more than two and one-half years prior to September 1, 1976. As Justice CARDOZO stated in *Hopkins v Lincoln Trust Co.* (233 NY 213, 215), such a revival would constitute "an extreme exercise of legislative power" and any uncertainties as to the Legislature's intentions in that regard should be "resolved against consequences so drastic".

The order should be affirmed, without costs.

HERLIHY, J. (dissenting). The majority contends that *Matter of Beary v City of Rye* (44 NY2d 398) considered a problem of statutory construction so analogous to the amendment of the Court of Claims Act accomplished by chapter 280 of the Laws of 1976 as to require a finding that the instant claim, as well as the claims heretofore considered in *Paul v State of New York* (59 AD2d 800) and *Lewis v State of New York* (60 AD2d 675), must be dismissed for a failure of timely filing.

In *Beary* the court was considering the recent amendment to section 50-e of the General Municipal Law which had the effect of expanding the grounds for a discretionary late filing of a notice of claim (L 1976, ch 745, § 2). The time within which a claim had to be filed against the public corporations affected by section 50-e was not affected by the amendment thereto and, of course, the section is effective only as to tort actions. Section 50-i of the General Municipal Law prescribed that such a tort claim *must,* subject to applicable tolling provisions, be sued within one year and 90 days both before and after the amendment to section 50-e as considered in *Beary.*

Unlike the amendment to section 50-e of the General Municipal Law, the amendment to section 10 of the Court of Claims Act (hereinafter section 10) expands the discretionary power of the Court of Claims to permit *both* a late filing of the *notice of intention* and the *claim* itself. Further, although the majority contends otherwise, the amendment to section 10 specifically extends the time within which an appropriation claim may be filed from three years to six years, although such an extension of time is conditioned upon a favorable exercise of discretion by the Court of Claims. There is no issue of actual notice as to this type of claim.

The examination of the subject 1976 amendments to the Court of Claims Act and the General Municipal Law requires the conclusion that any similarity is not realistic.

In considering the question of retroactivity, it is apparent from the decision in *Matter of Beary v City of Rye (supra)* that unless there is a clear intent on the part of the Legislature to grant retroactivity, this claim is "beyond the power of judicial recall". However, unlike those "notice of claim" factors which had prompted the Legislature to aid claimants in tort cases under the General Municipal Law, chapter 280 of the Laws of 1976 was enacted for the additional purpose of permitting claims otherwise barred by time to be sued in the Court of Claims.

Chapter 280 was enacted as the result of the Governor refusing to approve certain private bills which would have removed the bar to the claims. In this particular case, the amendment to section 10 formalizes the prior common legislative practice of extending the time to file a private claim where such matter was introduced before the Legislature in the form of a private bill.

Chapter 280 of the Laws of 1976, as pertinent, states:

"§ 2. Subdivision five of section ten of such law is hereby renumbered to be subdivision six and amended to read as follows:

"§ 6. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the *claim or* notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time * * * *before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.\** *For the purpose of this subdivision, a claim against the state arising under subdivision one of this section shall be deemed an action upon an implied contractual obligation.* The application for such permission shall be made * * * returnable at any regular or special session of the court and may be heard and determined by any judge thereof. The claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application. * * * *In determining whether to permit the filing of a claim pursuant to this subdivision, the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy.* * * *

"§ 3. This act shall take effect on the first day of September next succeeding the date on which it shall have become a law."

In my opinion, it is particularly significant that the 1976 amendment deems an appropriation action arising under subdivision 1 of section 10 to be an action upon an implied contractual obligation and further that such amendment provides that the six-year Statute of Limitations under the CPLR (213, subd 2) shall be applied to such an action.

As the Governor stated in his memorandum approving the amendment to section 10:

---

\* CPLR 201 to 218.

"On August 5, 1975 I disapproved eighteen private claims bills with the following statement:

"These bills are fundamentally inconsistent with the notion of equal treatment under the law which lies at the heart of our entire system of government. There is no reason why special access to the Court of Claims should be afforded to a select few people who have the resources available to have special bills drawn up for them and passed through the Legislature. If there is a defect in the general laws of the State that precludes many meritorious legal or equitable claims from being heard in the Court of Claims, the general laws should be amended to provide greater and uniform access to the Court for *all* the people of this State rather than remedying the defect for the benefit of a favored few."

"This bill, which is part of my program will enable late claims to be handled in the future in a logical, fair and orderly way. It would make available a single procedure applicable to all the citizens of the State and would thus insure every person an equal opportunity to have his claim heard and considered fairly." (NY Legis Ann, 1976, p 393.)

An application of the principles recently considered controlling in *Matter of Beary v City of Rye (supra)* establishes that retroactivity is required to the extent permitted by the limiting language "before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules." (Court of Claims Act, § 10, subd 6.)

To summarize, the statutory change in section 50-e of the General Municipal Law was for the primary purpose of expanding the discretion of the court in deciding the allowance of a late filing of a notice of claim. The *Beary* case relied upon by the majority gave those claimants the full measure of such retroactivity as the statute would have permitted without *reviving* barred claims.

The amendment to section 10 of the Court of Claims Act is inapposite to the said section 50-e. It not only relates to a late filing of a "notice" of claim, but also radically changes the time table together with giving the court additional discretion in permitting the filing of late claims. Section 10 extended the Statute of Limitations for all, instead of the usual custom of providing only for the favored few, to six years as to an appropriation action. The only manner in which *Beary* applies is that having therein granted retroactivity to the full extent

consistent with the known factors related to the intent of the Legislature as to section 50-e of the General Municipal Law, in my opinion this court should do likewise as to section 10 of the Court of Claims Act.

˝ The trial court did not pass upon such factual issues as were raised in regard to a timely filing and those issues should be determined upon remittal to the court.

The order should be reversed and the matter remitted to the Court of Claims with direction to consider the remaining factual issues as to the motion herein.

GREENBLOTT, J. P., and LARKIN, J., concur with MAIN, J.; MIKOLL and HERLIHY, JJ., dissent and vote to reverse in a separate opinion by HERLIHY, J.

Order affirmed, without costs.