■    Modesto A. De Cicco, Appellant, v State of New York, Respondent.—Appeal from an order of the Court of Claims, entered March 8, 1977, which denied claimant's motion for permission to file a late claim. This appeal once again presents a question involving the retroactivity of subdivi-

sion 6 of section 10 of the Court of Claims Act, which was enacted by the Laws of 1976 (ch 280, § 2), effective September 1, 1976. The facts are undisputed. Claimant was directed by the New York State Department of Health to destroy his entire stock of hamsters, which were suspected of carrying a disease dangerous to the public. After the destruction of the hamsters was completed on or about June of 1974, the State belatedly informed claimant that the hamsters were not so infected. Subdivision 3 of section 10 of the Court of Claims Act requires that a claim for property damage caused by a State employee must be filed within 90 days after the claim accrued, unless a notice of intention to file a claim is filed within the 90-day period, in which case the claim can be filed within two years after its accrual. Claimant did not comply with this provision. Subdivision 5 of section 10 of the same act, in effect until August 31, 1976, provided that if a claim or notice of intention to file a claim were not filed within the requisite 90-day period, then a claimant, in the court's discretion, could be permitted to file such a claim at any time within two years after the accrual thereof upon satisfying a number of enumerated criteria. Again, claimant did not comply with this provision; and under the law as it then existed, his claim was barred in June of 1976, two years after its accrual. Claimant, however, applied for permission to file his late claim in February of 1977, seeking to take advantage of subdivision 6, the amendment to section 10 of the Court of Claims Act, which provides that a late claim can now be filed, in the court's discretion, "at any time before an action asserting a like claim against a citizen of the state would be barred" under CPLR article 2. This amendment to section 10 did not take effect until September 1, 1976, or some two months after claimant's claim was barred under the provisions of the former law. In this court's ruling in *Sessa v State of New York,* 63 AD2d 334) we stated that the rationale of the Court of Appeals in *Matter of Beary v City of Rye* (44 NY2d 398) was "controlling and persuasive"; and accordingly we held that the 1976 amendments adding subdivision 6 to section 10 of the Court of Claims Act should be applied only to those cases not yet barred as of the effective date of chapter 280 of the Laws of 1976. Thus, claims which have accrued more than two years prior to the effective date of the amendment to section 10 are barred since they have "passed beyond the power of judicial recall" *(Matter of Beary v City of Rye, supra,* p 413). Since the present claim did accrue more than two years prior to the effective date of September 1, 1976, subdivision 6 cannot be applied retroactively so as to revive it. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.