■ YVROSE PAUL et al., Respondents, v STATE OF NEW YORK et al., Appellants. (Claim No. 60672.)—Appeal from an order of the Court of Claims, entered December 8, 1976, which denied a motion to dismiss the claim. When this case was previously before this court *(Paul v State of New York,* 59 AD2d 800), we affirmed an order of the Court of Claims, entered December 8, 1976, which denied a motion to dismiss the claim on the ground that it was time barred. In that decision we stated (p 801): "Although at the time of the act complained of herein the outside limit for allowing the filing of late claims was two years after the accrual of the cause of action (former § 10, subd 5, Court of Claims Act, amd by L 1976, ch 280, § 1, eff Sept. 1, 1976), because the amendment allowing a filing any time within the Statute of Limitations period is remedial in nature it should be given retroactive effect". Subsequently, in *Sessa v State of New York* (63 AD2d 334, 335), we stated: "Seeking a reversal of the court's order denying their motion, claimants now argue that our earlier decisions in *Paul v State of New York* (59 AD2d 800) and *Lewis v State of New York* (60 AD2d 675) are controlling in their situation and that, in accordance therewith, subdivision 6 must be retrospectively applied to their claim. For the reasons that will follow, however, and particularly in light of the Court of Appeals subsequent holding in *Matter of Beary v City of Rye* (44 NY2d 398), we cannot agree and instead conclude that our position in *Paul (supra)* and *Lewis (supra)* must be overruled." On August 8, 1978, we granted an application for reargument in the instant case and invited counsel to direct their briefs to the applicability of our decision in *Sessa (supra)* to the facts of this case. Upon said reargument, and in light of the decisions of this court and the Court of Appeals subsequent to our original position in the instant case, we overrule our prior decision in *Paul (supra)* and determine that the order of the Court of Claims which denied a motion to dismiss the instant claim must be reversed and the claim dismissed on the ground that it is time barred. The facts in the instant case are amply set forth in our prior decision and need not be repeated at length herein *(Paul v State of New York,* 59 AD2d 800, *supra).* The alleged malpractice occurred on November 15 or 16, 1973. The first notice of claim was filed on November 8, 1976. An application to file a late claim was made November 23, 1976. In our prior decision in the instant case, we stated "the late discovery excuses the late filing" *(Paul v State of New York, supra,* p 801). We now hold that on the facts of this case, the late discovery theory enunciated in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427) is inapplicable. Indeed, the Court of Appeals has expressly so stated in a case decided with *Matter of Beary v City of Rye (supra; Merced v New York City Health & Hosps. Corp.,* 44 NY2d 398). This case was time barred and beyond judicial recall on September 1, 1976,

which was the effective date of the amendment to subdivision 5 of section 10 of the Court of Claims Act. Therefore, the motion to dismiss should have been granted *(Matter of Beary v City of Rye, supra; Sessa v State of New York, supra)*. Decision, dated October 20, 1977, withdrawn; order, entered October 31, 1977, vacated; and order of the Court of Claims, entered December 8, 1976, reversed, on the law, and claim dismissed, without costs. Kane, J. P., Main and Larkin, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum in which Mikoll, J., concurs. Herlihy, J. (dissenting). The prior decision of this court did not purport to hold that the cause of action for medical malpractice accrued on the date of the discovery of the negligence and, accordingly, there is no basis to overrule that decision on that ground as an alleged error. I would adhere to my dissent in *Sessa v State of New York* (63 AD2d 334, 336) and based upon our finding in the original decision herein that the claim was filed on November 8, 1976, it is apparent that the three-year bar of article 2 of the CPLR (CPLR 214) had not expired at the time the claim was filed. Accordingly, since in my view of subdivision 6 of section 10 of the Court of Claims Act the Legislature not only enlarged the discretionary powers of the Court of Claims as to filing a *notice* of claim but also enlarged the time within which a claim must be filed, there is no basis for overruling the prior decision herein upon the ground that *Matter of Beary v City of Rye* (44 NY2d 398) requires such a result. Upon reargument, the prior decision of the court should be adhered to. [88 Misc 2d 972.]