■ ETHEL LEWIS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 57736.)—Appeal from an order of the Court of Claims, entered May 16, 1975, which granted defendant's motion to dismiss the claim. The instant claim was previously before this court and the pertinent facts are set forth in *Lewis v State of New York* (60 AD2d 675). In our earlier decision we reversed the order of the Court of Claims and ruled that the claim should be accepted by the State as a permissible late filing. Subsequently, after *Matter of Beary v City of Rye* (44 NY2d 398) was handed down by the Court of Appeals, we overruled in *Sessa v State of New York* (63 AD2d 334), our position in *Lewis (supra)* relative to the retrospective application of subdivision 6 of section 10 of the Court of Claims Act, and we thereafter granted the State's motion to reargue this appeal with regard to the effect thereon of our decision in *Sessa (supra)*. We now hold that the order appealed from should be affirmed. It is uncontested that the instant tort claim accrued on October 19, 1972 and that claimants' notice of intention to file a claim was filed one day late on January 18, 1973, 91 days after the accrual of the claim (Court of Claims Act, § 10, subd 3). Pursuant to former subdivision 5 of section 10 of the Court of Claims Act in effect until August 31, 1976, claimants then had until October 19, 1974, two years after the accrual of their claim, to move for permission to file a late claim and yet they took no action until April 28, 1975. Even on this latter date they failed to move specifically for permission to file late and instead sought to amend the claim so as to allege an accrual date later than what is now conceded to be the correct date, October 19, 1972. Under these circumstances it is clear that the applicable Statute of Limitations had run on the instant claim as of October 19, 1974 and that, with the passing of this date, the claim had passed beyond the court's discretionary power of judicial recall (see *Matter of Beary v City of Rye, supra*). In effect, claimants conceded that this was the situation when, as noted above, they moved on April 28, 1975 to amend their claim rather than for permission to file a late claim. Such being the case, in accordance with our decision in *Sessa (supra)*, subdivision 6 of section 10 of the Court of Claims Act with a much later effective date of September 1, 1976 cannot be retrospectively applied to revive the claim, which was, accordingly, properly dismissed as untimely. (See, also, *Paul v State of New York,* 66 AD2d 908; *De Cicco v State of New York,* 65 AD2d 653; *Fuoco v State of New York,* 64 AD2d 1030.) Order affirmed, without costs. Greenblott, J. P., and Main, J., concur.

Mikoll and Herlihy, JJ., concur in the following memorandum by Herlihy, J. Herlihy, J. (concurring). We would adhere to our dissent in *Sessa v State of New York* (63 AD2d 334, 336 et seq.). We feel constrained to affirm, however, because of the majority opinion in *Sessa.*