■ PUM REALTY CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59633.)—Appeal from an order of the Court of Claims, entered June 20, 1977, which denied appellant's cross motion to dismiss the claim. Claimant leased a building located at 322-324 Utica Avenue, Brooklyn, to Joes Utica, Inc. (tenant) for a term ending in 1979. On June 30, 1973 the tenant vacated the premises, abandoning the fixtures therein to claimant. On July 10, 1973 the State Tax Commission issued a tax warrant against the tenant and levied upon the tenant's "right, title and interest" in and to all the "personal property" located in the premises. To enforce the warrant, the Tax Commission placed padlocks on the premises pending a tax sale scheduled for July 24, 1973. Thereafter, claimant sought to vacate the levy and to enjoin the tax sale, and, on September 21, 1973, claimant was awarded a preliminary injunction restraining the sale. Subsequently, claimant and the State Tax Commission stipulated to discontinue the preliminary injunction, and, on April 17, 1974, the State Tax Commission removed the padlocks from the premises and conducted a sale of the contents of the premises. Claimant then filed a notice of intention on July 31, 1974, and the claim on September 25, 1975. Claimant alleged that from

---

* (Subsequently affirmed *sub nom. Matter of Lawson,* 60 AD2d 579, mot for lv to app dsmd 43 NY2d 950.)

July 15, 1973 to April 17, 1974 the State appropriated the premises, and it sought compensation for the rents lost during that period. The claim was scheduled for trial on March 11, 1977 in the Court of Claims, which was then advised that the notice of intention had been filed late. Claimant subsequently moved by order to show cause for leave to file a late claim, and the State cross moved to dismiss the previously filed claim as untimely. The Court of Claims denied both motions, holding that there was a physical invasion of and a direct legal restraint upon claimant's property, which amounted to a *de facto* taking, and, since the claim was filed within three years of its accrual, it was timely under subdivision 1 of section 10 of the Court of Claims Act. The State contends upon this appeal that it did not effect an appropriation of claimant's property by virtue of the tax levy against the tenant. The State reasons that claimant was responsible for the delay in gaining possession because claimant had obtained the preliminary injunction enjoining the sale. We agree. As this court recently stated, "the possession and control which constituted the alleged *de facto* appropriation were not in fact exclusively in the State Tax Commission but were under court control during a portion of time herein involved" (*Hudson Val. Sand & Stone Co. v State of New York,* 57 AD2d 344, 346, affd 44 NY2d 829). The Court of Claims distinguished *Hudson Val.* on the grounds that the tenant was out of possession and the levy was upon fixtures. We find this unpersuasive. First, the levy was clearly upon the tenant's personal property, and not on any fixtures of the premises. Second, claimant was responsible for delaying the tax sale by obtaining the injunction; eight of the 10 months of delay were attributable to its actions. Under these circumstances, *Hudson Val.* is controlling and, accordingly, we find that there was no *de facto* appropriation of claimant's property. The Court of Claims alternatively considered the claim as sounding in trespass and under this theory it would have permitted the filing of a late claim under subdivision 6 of section 10 of the Court of Claims Act, added by the Laws of 1976 (ch 280, § 2). The court, however, erred in applying subdivision 6. Claimant's cause of action accrued upon the Tax Commission vacating the premises on April 17, 1974 (*Boland v State of New York,* 30 NY2d 337; *Chartrand v State of New York,* 46 AD2d 942). It did not file a claim or notice of intention to file a claim within 90 days thereof, as required by subdivision 3 of section 10 of the Court of Claims Act. Under the law as it then existed, claimant was entitled to seek permission to file a late claim within two years of the accrual thereof, or by April 17, 1976 (Court of Claims Act, § 10, former subd 5). However, claimant did not comply with this provision (see *Lewis v State of New York,* 67 AD2d 739 and on September 1, 1976, the effective date of subdivision 6 of section 10, its claim was barred under the former law as untimely. In *Sessa v State of New York* (63 AD2d 334) this court held that subdivision 6 should not be applied retrospectively to revive claims that were time barred on September 1, 1976. (See, also, *De Cicco v State of New York,* 65 AD2d 653.) Thus, under a trespass theory, the claim should have been dismissed as untimely. Order reversed, on the law and the facts, cross motion granted and claim dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney and Mikoll, JJ., concur.

Herlihy, J., concurs in the following memorandum. Herlihy, J. (concurring). I concur solely upon the ground that as established in the case of *Hudson Val. Sand & Stone Co. v State of New York* (57 AD2d 344, affd 44 NY2d 829) the claim does not state a cause of action. [90 Misc 2d 774.]