OPINION OF THE COURT
Alfred J. Weiner, J.
This is a motion by defendants to vacate and set aside the jury verdict and to correct the judgment filed by plaintiffs.
This was a trial for damages relating to the destruction of trees, located on plaintiffs’ property, in Grand View, New York, on December 31, 1980.
The jury found defendants Garrubbo and Nelson committed trespass against plaintiffs, and defendant Algonquin was negligent in damaging plaintiffs’ property. The jury apportioned fault of the defendants in the following manner: Defendants Garrubbo, 60%; defendants Nelson, 30%; and defendant Algonquin, *413 10%. The jury further fixed, single damages in the sum of $30,000 and treble damages in the sum of $90,000.
RPAPL 861 states:
“1. If any person cuts down * * * any * * * tree * * * or otherwise despoils a tree on the land of another, without the owner’s leave * * * an action may be maintained against him by the owner ***
“2. In an action brought as provided in this section, the plaintiff may state in his complaint the amount of his damages and demand judgment for treble the sum so stated. Thereupon, if * * * the verdict * * * awards him any damages, he is entitled to judgment for treble the sum so awarded, except that * * * judgment must be rendered for single damages only:
“(a) [w]here the verdict * * * finds affirmatively that the injury, for which the action was brought, was casual and involuntary”.
“One who, without justification or consent, intentionally (enters * * *) upon the land of another commits a trespass and is liable for any damage caused by his conduct.” (PJI 3:8 [Supp].) Furthermore, “[i]f a person acts voluntarily with the desire to bring about a result, he is said to have intended that result.” (PJI 3:8 [Supp]; Phillips v Sun Oil Co., 307 NY 328; Chartrand v State of New York, 46 AD2d 942.)
The jury’s finding of trespass against defendants Garrubbo and Nelson, in that they intentionally caused the damage to plaintiffs’ trees, precludes a finding that plaintiffs’ injury was either casual or involuntary thereby warranting treble damages pursuant to RPAPL 861.
Additionally, the finding of negligence against defendant Algonquin (a nonintentional tort) precludes a violation of RPAPL 861 for treble damages in that defendant Algonquin’s acts were either casual or involuntary and not intentional.
Accordingly, the motion by defendants Garrubbo and defendants Nelson to set aside the jury verdict as contrary to law, contrary to fact and contrary to the weight of the evidence, or in the alternative, that treble damages be set aside as a matter of law, is denied.
As part of the special verdict, the jury was directed to insert treble damages if they made a finding of trespass against any defendant. This direction was improper since it is for the court to grant judgment for treble damages for violation of a statute pursuant to CPLR 4018. Accordingly, that part of defen *414 dant’s motion to vacate that portion of the jury’s verdict awarding treble damages is granted. However, plaintiffs are entitled to treble damages in the sum of $90,000.
The judgment filed by plaintiffs awarded the sum of $90,000 against defendants Nelson and defendants Garrubbo and the sum of $3,000 against defendant Algonquin. Defendants Garrubbo and Nelson contend the judgment is incorrect since the amount of treble damages should be $54,000 against defendants Garrubbo; $27,000 against defendants Nelson; and $9,000 against defendant Algonquin. Defendant Algonquin contends the judgment against Algonquin for $3,000 is correct and should not be trebled. It further contends that only the amount of compensatory damages found against defendants Garrubbo and Nelson should be trebled, for a total jury verdict of $84,000 and not $90,000.
The court finds that plaintiffs are entitled to a trebling of the total amount of single damages awarded by the jury. Plaintiffs are entitled to this amount since single damages were fixed irrespective of the apportionment among all defendants. RPAPL 861 states the plaintiff is entitled to judgment for treble the sum so awarded for damages. Furthermore, under the rule of Dole v Dow Chem. Co. (30 NY2d 143), joint tort-feasors vis-a-vis the plaintiff remain jointly and severally liable. A plaintiff retains the right to recover all his damages from any individual tortfeasor of his choosing. (2A Weinstein-Korn-Miller, NY Civ Prac 1i 1401.04.)
Plaintiffs are entitled to treble damages in the sum of $90,000, in the following manner: Defendant Algonquin was found only negligent and is responsible for 10% of single damages in the sum of $3,000. Defendants Garrubbo were found 60% responsible in trespass and defendants Nelson were found 30% responsible in trespass. Since Garrubbo was found to be twice as much at fault as Nelson, they are responsible for the remaining $87,000 in damages in the following manner: $58,000 for defendants Garrubbo and $29,000 for defendants Nelson, based on their percentage of fault towards each other.
The judgment filed by the plaintiffs contains a finding against defendants Nelson and defendants Garrubbo in negligence and trespass. This finding is incorrect since the jury found against defendants Nelson and defendants Garrubbo only in trespass. Accordingly, the motion by defendants Garrubbo to correct the judgment is granted to the extent that there was a finding of trespass against defendants Nelson and defendants Garrubbo.