■ MARTIN STERN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72727.)—Kane, J. Appeal from an order of the Court of Claims (Lyons, J.), entered June 13, 1986, which granted the State's motion to dismiss the claim.

Claimant purchased a Lotto ticket on November 25, 1983 at a liquor store in Rockland County for the November 26, 1983 drawing. Claimant returned to the liquor store on either November 28 or November 29, 1983. At that time he checked the numbers on his Lotto ticket against those which had been posted in the liquor store as the winning numbers for the November 26, 1983 drawing. Claimant's numbers did not correspond with the posted numbers, so claimant asked the owner of the store if the posted numbers were, in fact, the winning numbers for November 26, 1983. When the owner answered affirmatively, claimant tore up his ticket and discarded it into a wastebasket, which had been placed in the store specifically to receive losing tickets.

"Shortly afterwards", it became apparent that the liquor store had posted the wrong winning numbers for the November 26, 1983 drawing. Claimant asserts that he unknowingly possessed the winning ticket, worth over $1,750,000, and that he was caused to destroy the ticket by reason of the New York State Lottery's negligence.

The record does not disclose the date when claimant first became aware of the fact that he allegedly had the winning ticket. The record indicates, however, that claimant took no action on the matter until July 11, 1984. At that time he wrote to the Lottery, indicating that he had lost the winning ticket and requesting a meeting to discuss possible collection of the prize. The Lottery, through Chief of Public Relations George Yamin, replied on August 24, 1984, stating that claimant could not redeem his ticket without being able to produce the ticket itself. Yamin explained that Lottery tickets, like dollars, are bearer instruments: without the instruments themselves, evidence of their prior possession is irrelevant. The Lottery, therefore, unequivocally refused to award the prize to claimant.

Claimant wrote to the Lottery again on November 19, 1984. The purpose of that letter was "to put [the Lottery] on notice" that claimant was "making claim" for the $1,752,700 prize. The Lottery still refused to pay claimant. On March 20, 1986, claimant served a "demand for payment" on the Lottery, wherein he threatened legal action for failure to comply with the demand. Claimant finally did take legal action when, on April 9, 1986, he served and filed in the Court of Claims a notice of intention to file claim against the Lottery. On the same day, claimant did file a claim against the Lottery in the Court of Claims. The claim alleged damages in the sum of $1,700,000. The State moved to dismiss the claim on the

ground that it was untimely and therefore jurisdictionally defective. The Court of Claims granted the motion and this appeal ensued.

Despite the obvious sympathetic nature of claimant's assertion, we must affirm. Claimant's claim and amended claim are couched exclusively in terms of negligence. Accordingly, in order to be timely, the claim must have accrued no more than 90 days prior to April 9, 1986 (Court of Claims Act § 10 [3]). Since the 90-day period under Court of Claims Act § 10 (3) begins to run when "the extent of the damage can be ascertained" (*Chartrand v State of New York,* 46 AD2d 942), the instant claim began to run "shortly" after the November 26, 1983 drawing, when by claimant's own admission, he realized the liquor store had posted incorrect winning numbers. Presumably, therefore, he knew at that time that his damages, if any, amounted to $1,752,700. At the very latest, claimant's damages were ascertainable on August 24, 1984 when the Lottery unequivocally refused to honor claimant's request for payment. Either way, claimant's claim was untimely. Moreover, even under the longer period (six months) to file a claim sounding in contract (Court of Claims Act § 10 [4]), the notice herein was untimely.

In any event, we note that the claim fails to state a cause of action. New York's Lottery regulations (21 NYCRR part 2800) expressly provide that Lotto tickets are bearer instruments: "A bet ticket is deemed to be a bearer instrument. Neither the New York State Lottery nor the contractors shall be responsible for lost or stolen Lotto 48 bet tickets, nor for alleged winning tickets thrown away by mistake" (21 NYCRR 2817.4 [b]).* As the regulations exempt the Lottery from liability for claimant's lost ticket, the claim, even if timely, would be rejected (*cf., Craft v Capital Dist. Regional Off Track Betting Corp.,* 107 AD2d 952, 954).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.

---

* At the time claimant purchased the ticket, the above provision was apparently embodied in 21 NYCRR former 2817.7 (f).