■ JUAN R. TACTUK, as Administrator of the Estate of MERCEDES TACTUK, Deceased, et al., Appellants, v. ANDREW FREIBERG et al., Respondents.— In an action to recover damages for personal injury and wrongful death resulting from alleged medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County, entered June 11, 1964, which granted their motion to renew their motion (previously denied by the court) to vacate a dismissal of the complaint entered by the Clerk of the court pursuant to subdivision (e) of rule II of the rules of that court, but which again denied the said motion. Order reversed, without costs and motion to vacate the dismissal granted. The action is restored to the Trial Calendar upon the filing of a statement of readiness. The parties were actively engaged in settlement negotiations of this action and, at the time of the "automatic" dismissal of the action, a motion was pending before the court. Subdivision (e) of rule II of the Rules for the Supreme Court, Queens County, and CPLR 3404, both of which provide for the dismissal of abandoned cases, suggest a "presumption;" they were not intended to apply where litigation is "actually in progress" (*Marco* v. *Sachs*, 10 N Y 2d 542, 550). The delay here is of relatively short duration and was, in some degree,

acquiesced in by defendants. This is a death action, the evidentiary facts not being available from the principal; and the attorney's averments of merit are not refuted. Under the circumstances, it was an abuse of discretion to have denied the motion to vacate the dismissal. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.