■ WILLIAM T. O'HALLORAN, as Administrator of the Estate of JOSEPH W. BROWN, Deceased, Respondent, v. MILTON ELLER, Appellant, et al., Defendants.— In an action to recover damages for wrongful death and conscious pain and suffering, based upon alleged medical malpractice, defendant Eller appeals from an order of the Supreme Court, Queens County, dated May 30, 1973, which

conditionally denied his motion to dismiss the action for failure to serve a complaint in response to his demand therefor (CPLR 3012, subd. [b]), the condition being to permit plaintiff to serve a complaint within a stated 20-day period of time. Order reversed, with $20 costs and disbursements, motion granted unconditionally and action dismissed. The motion was made about a year after service of appellant's demand for a complaint. The affidavit of plaintiff is insufficient to establish a valid reason for his failure to serve at least a cursory complaint upon defendant Eller within the time prescribed by statute, since it appears from the record on appeal that plaintiff did have sufficient knowledge of the gravamen of the action at least two years prior to its commencement and also knowledge of the results of the alleged malpractice as well as the amount of money which would be sought in the *ad damnum* at the time of the service of the summons. In addition, it appears from the briefs submitted to this court by both parties that plaintiff's intestate twice during his lifetime sued Dr. Eller for damages predicated upon the same facts as are presented in the instant case and that both actions were dismissed for lack of prosecution. Plaintiff's affidavit of merits is also of little value. While plaintiff set forth therein claims of medical malpractice which, if true, would form the basis for a valid law suit, the affidavit contains medical conclusions which cannot be attested to by plaintiff, who neither appears to have, nor claims, medical expertise. Plaintiff's attestations, therefore, do not form any basis for believing that evidence to support his claims indeed exists (see *Keating* v. *Smith*, 20 A D 2d 141, 142). Considering all the foregoing, it was an improvident exercise of Special Term's discretion to deny appellant's motion (*Melfi* v. *Nash*, 40 A D 2d 1017; *Wilkening* v. *Fogarty*, 40 A D 2d 1031; *Beckham* v. *Lefferts Gen. Hosp.*, 36 A D 2d 726). Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.