■ Quick-Way Excavators, Inc., Respondent, v. D. H. Overmyer Company, Inc., et al., Appellants. (Action No. 1.) Quick-Way Excavators, Inc., Respondent, v. D. H. Overmyer Company, Inc., et al., Appellants, et al., Defendants. (Action No. 2.) Appeal from an order of the Supreme Court at Special Term, entered January 2, 1973 in Albany County, which granted plaintiff's motion to restore the above cases to the Trial Calendar after they had been automatically dismissed pursuant to CPLR 3404 and rule 861.17 of the Rules for Trial and Special Terms of the Supreme Court, Third Judicial Department (22 NYCRR 861.17). Notes of issue in these actions to foreclose mechanic's liens were filed on September 11, 1969 and the cases were placed upon the Jury Calendar for the October, 1969 Trial Term of Supreme Court for Albany County. The cases were not moved for trial and, on June 30, 1970, were placed upon the Deferred Calendar where they remained until June 30, 1971, at which time they were automatically dismissed. On December 5, 1972, some 17 months later, plaintiff moved by order to show cause for an order restoring the cases to the Trial Calendar and, on December 11, 1972, the court below ordered the cases restored. Defendants appeal, contending that there was an inadequate basis for the exercise of judicial discretion. We agree. A

motion to restore a case to the Trial Calendar after it has been stricken pursuant to CPLR 3404 requires that the moving party provide a satisfactory excuse for the default which resulted in having the case marked "off" the calendar and for the neglect in moving to restore within one year, and that he demonstrate that he has a meritorious cause of action (7 Carmody Wait 2d, New York Practice, § 44.6; *Sgambelluri* v. *Town of Colonie*, 34 A D 2d 586). Here, the supporting affidavit clearly lacks the essentials. The only excuse offered for default and failure to move to restore within one year was that " deponent did not know that the cases had been put on the deferred calendar" an obvious law office failure which provides no basis upon which a default judgment could be vacated (*McIntire Assoc.* v. *Glens Falls Ins. Co.*, 41 A D 2d 692; *McNamara* v. *Hutchinson*, 33 A D 2d 26). Additionally, the only assertion of merit is contained in the plaintiff's attorney's affidavit where he states " plaintiff contends his actions are meritorious" which can hardly be considered to be facts demonstrating a viable cause of action (*Frenia* v. *Patno*, 25 A D 2d 591), particularly when there is greater need for establishing merit when the excuse for delay is slender (*Sortino* v. *Fisher*, 20 A D 2d 25, 32). Accordingly, there was no basis upon which Special Term might properly exercise its discretion to grant the relief sought. Order reversed, on the law and the facts, and plaintiff's motion to restore the cases to the Trial Calendar denied, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.