Rose Williams, Appellant, v Joseph Giattini, Respondent.

First Department, November 6, 1975

*Jacob W. Friedman* of counsel *(Albert Finkelstein,* attorney), for appellant.

*Richard Lee Wallace* of counsel *(Martin, Clearwater & Bell,* attorneys), for respondent.

Lupiano, J. The alleged malpractice which is the subject matter of this action apparently occurred in the period September 14, 1962 to March, 1963. On September 16, 1965, this action was commenced. Issue was joined on November 5, 1965. The action appeared on the Trial Term, Part XII Calendar on

May 14, 1971 and was thereafter marked off. On July 7, 1971, the action was restored to the calendar on consent. Subsequently, on March 7, 1972, the plaintiff requested that the case be marked off the calendar, and on October 12, 1972 the action was marked off the Trial Term, Part I Calendar. The parties entered into a stipulation, apparently prepared by plaintiff's counsel, dated November 10, 1972 and returned by defense counsel, signed, on or about June 14, 1973, which provided that this action "shall hereby be restored to the Trial Term, Part I Personal Injury Jury Calendar for a date certain for trial upon service of this stipulation on the Calendar Clerk". On April 26, 1973, the defendant conducted a physical examination of plaintiff. Parenthetically, it also appears that subsequent to March 7, 1972, the Malpractice Mediation Panel rendered a report unfavorable to the plaintiff. By notice of motion dated March 30, 1974, plaintiff moved to have this action restored to the trial calendar, which motion was denied on the basis that plaintiff failed to show merit to the action. By notice of motion dated July 9, 1974, plaintiff moved to renew the motion to restore, which motion incorporated all the papers submitted on plaintiff's behalf on the prior motion and, in addition, contained an affidavit of merit of the plaintiff herself. This motion too was denied by order entered September 17, 1974.

As the action was marked off the calendar on October 12, 1972, and not restored within one year thereafter, CPLR 3404 provides, *inter alia,* that it "shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." The *automatic aspect* of this provision is viewed as intending to get rid of cases that are actually dead and not as mandating rigid application of the rule irrespective of any and all circumstances. As aptly noted in *Marco v Sachs* (10 NY2d 542, 550): "The phrase 'deemed abandoned' as contained in the rule suggests a presumption rather than a fixed and immutable policy of dismissal, and it would seem that the rule was never intended to apply to a case where litigation in a cause was actually in progress." Patently, the stipulation entered into between the parties and the fact that defendant had a physical examination of plaintiff on April 26, 1973, as aforesaid, militaté against the view that the action was abandoned and serve as predicate for a demonstration of excusable delay. Nevertheless, the interval of time which elapsed since the case was marked off the calendar, with particular relevance attach-

ing to plaintiff's inaction to restore the case since receipt of the stipulation in June, 1973, warrants requiring that plaintiff demonstrate the merit of the action. The stipulation entered into between the parties must be read against the background of CPLR 3404 with the realization that implied covenants of good faith and reasonable time are inherent therein. Essentially, the stipulation is a factor bearing on the issue of whether the presumption contained in CPLR 3404 is rebutted. It may not be viewed as removing the applicability of CPLR 3404. To so hold, would, in effect, deprive the court of the ability to control its calendar and lead to situations best described as "procedural morasses". Further, the applicability of CPLR 3404 is heightened by plaintiff counsel's own admission that after the unfavorable report of the Malpractice Mediation Panel, his suggestion to his client "that the case either be tried or that if she lost confidence in [him]", she could obtain other counsel, was belatedly responded to, with the result that plaintiff "now wants the case to be tried". Plainly, it is incumbent upon plaintiff to demonstrate merit to the action as a prerequisite to restoration to the calendar (see *Kessler v Wenk*, 31 AD2d 798; *Tactuk v Freiberg*, 24 AD2d 503; *Quick-Way Excavators v Overmyer Co.*, 44 AD2d 740).

Of course, it is recognized that "ample explanation for the delay requires less of a showing of merit, although still a showing. The key, to repeat, is that the delayed action is an action suspect as to its merits" *(Sortino v Fisher,* 20 AD2d 25, 32). Plaintiff's affidavit in the record before this court contains merely the conclusory medical assertion that the defendant "failed to use all readily available diagnostic aids and more particularly X-Rays, to determine the character and proper treatment of the condition from which [plaintiff] was suffering." "A mere recital of the conclusory allegations of the complaint or the unsupported conclusion that merit exists will not suffice" *(Keating v Smith,* 20 AD2d 141). Patently, the plaintiff's affidavit is insufficient for the simple fact that it "contains medical conclusions which cannot be attested to by plaintiff, who neither appears to have, nor claims, medical expertise. Plaintiff's attestations, therefore, do not form any basis for believing that evidence to support [her] claims indeed exists" *(O'Halloran v Eller,* 43 AD2d 955, 956).

However, recognizing that the law favors litigants having their day in court, and in view of the circumstances alluded to above, justice requires that plaintiff be afforded a further

opportunity to demonstrate merit. Accordingly, the orders of the Supreme Court, New York County (SAYPOL, J.), entered May 28, 1974 and September 17, 1974, should be affirmed, without costs and without prejudice to plaintiff's making further application, if so advised, to restore the action to the trial calendar.

MARKEWICH, P. J., KUPFERMAN, MURPHY and NUNEZ, JJ., concur.

Orders, Supreme Court, New York County, entered on May 28 and September 17, 1974, respectively, unanimously affirmed, without costs and without disbursements, and without prejudice to plaintiff's making further application, if so advised, to restore the action to the trial calendar.