47 N.Y.2d 976 (1979)
Leonard Sessa et al., Appellants,
v.
State of New York, Respondent. (Motion No. M-18794.)
Court of Appeals of the State of New York.
Argued June 5, 1979.
Decided July 9, 1979.
Arthur D. Goldstein for appellants.
Robert Abrams, Attorney-General (Peter J. Dooley, Shirley Adelson Siegel and Jeremiah Jochnowitz of counsel), for respondent.
Concur: Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER and FUCHSBERG. Judge MEYER dissents in part and votes to modify in an opinion.
Order affirmed, with costs, for the reasons stated in the opinion by Mr. Justice ROBERT G. MAIN at the Appellate Division (63 AD2d 334; see, also, Ebbets v State of New York, 47 N.Y.2d 973, decided herewith).
MEYER, J. (dissenting).
I dissent and vote to reverse except as to Leonard Sessa, whose claim accrued more than six years prior to his application. The conclusion below, now affirmed by this court, that the saving provisions of the amendment made by chapter 280 of the Laws of 1976 do not apply to any claim which accrued more than three years prior to the effective date of that amendment flies in the face of the fact that the saving provision allows a court to act at any time within six years after accrual of the claim. So to interpret the amendment is to place undue emphasis on the rule requiring prospective application of statutes, recognized in Matter of Beary v City of Rye (44 N.Y.2d 398, 410-411) to be no more than a rule of construction, and to ignore the background against which the saving provision was enacted.
Of course, the legislative intent could have been more clearly stated, but viewed in the setting of its enactment the amendment more than adumbrates its purpose to authorize a court to permit the late filing of any claim which on September 1, 1976, its effective date, was not six years old.
Prior to the amendment an appropriation claim was required to be filed within three years after accrual, but there was no provision authorizing the Court of Claims to allow late *978 filing of such a claim.[1] Private bills were, therefore, the only method to obtain compensation for a time-barred appropriation. Perceiving the unfairness and inequality of treatment resulting from the use of private bills, Governor Carey in 1975 vetoed a number of such bills,[2] stating that he would submit to the next session of the Legislature "proposed legislation to enable this subject to be handled in the future in a logical, fair and orderly way, in place of the haphazard, careless and discriminating procedure which has been followed up to this time".
Chapter 280 of the Laws of 1976 was the resulting change in the Court of Claims Act. By it the Legislature for the first time gave the court discretion as to appropriation claims, by adding a new second sentence to subdivision 6 expressly referring to such claims and by providing that such a claim should be "deemed an action upon an implied contractual obligation", thus making the period within which discretion could be exercised six years (CPLR 213, subd 2). Since the very purpose of the amendment was to authorize the Court of Claims to allow revival of a time-barred claim at any time within three years after the claim became barred, since the Legislature did so by incorporating by reference a six-year Statute of Limitations, and since the provision as to appropriations was totally new and was intended to replace a system that clearly applied to claims already barred by the three-year statute, it does no violence to the legislative intent to read the amendment as applying to all claims not six years old on the effective date of the amendment. Indeed, to read subdivision 1 of section 10's three-year provision to require a contrary result when what the Legislature amended was subdivision 6 of section 10 is to create a lacuna which, viewed against the circumstances in which the amendment was enacted, the Legislature cannot reasonably be thought to have intended.[3]
Moreover, the rationale of Matter of Beary v City of Rye (44 N.Y.2d 398, supra) *979 does not require the result reached by the majority. The statute there considered allowed extension of the time for filing a notice of claim and we reasoned that since such a notice was necessary to alert the governmental agency to the need for an investigation and to enable it to investigate while the evidence was fresh, it should not be applied retroactively. What is here involved is a claim, not a notice of claim, which arises out of the State's act of appropriation. To such a claim the State does not need to be alerted for it has done all its investigating beforehand. Matter of Beary is, therefore, simply inapposite.
Order affirmed, etc.
NOTES
[1] Subdivision 6 granted the court authority to allow late filing within two years after accrual and, therefore, did not apply to appropriation claims which were not barred until three years after accrual.
[2] Appellants caused such a bill to be introduced on their behalf but in view of the Governor's veto of the other bills it never got out of committee.
[3] Clearly, the use of the words "in the future" in the Governor's 1975 Message quoted in the text above and in his messages concerning the 1976 amendment (McKinney's Session Laws [1976], pp 2311-2312, 2435) is no indication of such an intent, for even if the amendment had been expressly made retroactive the discretion exercised by the court would have, of necessity, been exercised "in the future".