OPINION OF THE COURT
Gerard M. Weisberg, J.
The question presented is whether the affirmation of an attorney, albeit one professing experience in medical malpractice litigation, is competent to establish that a proposed claim “appears to be meritorious”. (Court of Claims Act, § 10, subd 6.) We hold that it does not, and that as a general rule, a physician’s affidavit or affirmation must be submitted to permit the late filing of a claim for medical malpractice.
On March 21,1979, claimant Lillian Jolley was delivered of a child by Caesarean section at the Downstate Medical Center (Downstate), a hospital owned and operated by the State. It is alleged that an injection was negligently administered in the course of treatment to claimant’s left wrist, causing injury for which she was treated at Downstate and elsewhere. Neither a claim nor a notice of intention was served and filed within 90 days after accrual, necessitating the present appeal to this court’s discretion. (Court of Claims Act, § 10, subd 6.)
*551 Upon a motion to file a late claim, the court must consider six specific factors, including whether the claim “appears to be meritorious”. While all of these factors need not be found to exist, claimants must demonstrate that the claim has the appearance of merit, since it would be an act of futility to permit the late filing of a defective claim. (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.)
The State contends, inter alla, that the application must fail because no physician’s affidavit attesting to the existence of malpractice was submitted, citing O’Halloran v Eller (43 AD2d 955) and Williams v Giattini (49 AD2d 337). O’Halloran was a motion to dismiss for failure to serve a complaint under CPLR 3012 (subd [b]). The principle was there stated that medical conclusions cannot be attested to by one who neither appears to have nor claims medical expertise. Similarly, in Williams a motion to restore a cause of action for medical malpractice to the Trial Calendar was denied because of the insufficiency of plaintiff’s affidavit which contained medical conclusions about which he was incompetent to testify, citing O’Halloran (supra). (See, also, Sussman v Franklin Gen. Hosp., 77 AD2d 567.)
The principle of law expressed in these authorities is a general one which should be applied to late claims. The necessity for such an approach is well illustrated by the affirmation of claimants’ attorney which candidly states that Lillian Jolley’s medical records have not been examined and that the averments of medical malpractice and proximate cause “[are] not yet known to be an actual fact * * * Instead, it is my opinion based upon my experience with malpractice litigation and the information the claimant has imparted to me.” Without disparaging the attorney’s legal expertise, such allegations are no substitute for the sworn statement of a physician, and indeed only serve to demonstrate that the existence of a cause of action for medical malpractice is presently a matter of conjecture. While it is correctly pointed out that the allegations in claimants’ papers are normally deemed true for the purposes of a late claim motion (see Sessa v State of New York, 88 Misc 2d 454,458, affd 63 AD2d 334, affd 47 NY2d 976), this rule benefits only *552 the statements of an individual who has the knowledge or expertise required to support the cause of action pleaded.
Since, as we have previously indicated, a demonstration of the claim’s apparent merit is an essential prerequisite to the granting of the relief sought, we must, at present, deny the motion without prejudice to its renewal upon proper papers. The court has not considered, nor does it rule upon any of the other factors listed in subdivision 6 of section 10 of the Court of Claims Act.