■ Peter Schreck et al., Respondents, v State of New York et al., Appellants. (Claim No. M-22128.) — In a medical malpractice claim which accrued in Kings County, defendants appeal from an order of the Court of Claims, entered September 21, 1979, which granted claimants' motion pursuant to subdivision 6 of section 10 of the Court of Claims Act, for leave to file a late claim. Order reversed, on the law, with $50 costs and disbursements, and motion denied with leave to claimants to renew upon proper papers, in accordance herewith. Claimants failed to submit a medical affidavit to establish a causal relationship between the alleged negligent acts and the birth of claimants' seriously brain damaged and physically handicapped child. The Court of Claims abused its discretion in granting the motion without such a showing. Damiani, J.P., Gibbons and Thompson, JJ., concur.

Rabin, J., dissents and votes to affirm the order, with the following memorandum: The claimants seek to recover costs which have been, and will be, incurred by them for the medical care of their infant son, Steven. They allege that in 1972, claimant Eileen Schreck, gave birth to a microcephalic daughter. In 1977 she conceived a second child. She consulted with physicians at the appellant hospital who, after performing sonograms and other

tests, informed her, and her husband, that the fetus would be born normally, and would not suffer from the condition which affected their daughter. On February 2, 1978, Steven was born. He was diagnosed as microcephalic. In April, 1979 the claimants made the instant application for leave to file a late notice of claim against the appellants. In their proposed notice of claim, they allege that the doctors at the appellant hospital were negligent in failing to properly perform the diagnostic tests, in failing to properly evaluate the results of the tests, and in failing to properly warn them of the possibility that the child would be afflicted with a genetic defect. The Court of Claims, after consideration of the factors set forth in section 10 of the Court of Claims Act, decided to permit the late notice of claim. The instant appeal ensued. I do not believe that the Court of Claims abused its discretion in allowing the late filing of the notice of claim. My colleagues would require, before the claim is accepted, "a medical affidavit to establish a causal relationship between the alleged negligent acts and the birth of claimants' seriously brain damaged and physically handicapped child". In my opinion, such an affidavit is unnecessary. The proposed claim, supported as it is by the personal affidavits of the claimants, "appears to be meritorious" (Court of Claims Act, § 10, subd 6), and would, if proved, entitle the claimants to damages under *Becker v Schwartz* (46 NY2d 401). Certainly, there was no need for the claimants to supply a medical affidavit on the question of causality. Causality, in a case such as this, requires no expert proof. Rather, it depends upon a showing by the claimants that, had they been properly advised of the risks involved, they would not have conceived a child, or they would have terminated the pregnancy *(Becker v Schwartz, supra)*. Since, in my opinion, claimants' showing of merit was sufficient, I would affirm.