OPINION OF THE COURT
Gerard M. Weisberg, J.
This is an application pursuant to subdivision 6 of section 10 of the Court of Claims Act to file a late claim against the State of New York for medical malpractice.
One of the six specified factors to be considered by the court is whether the claim “appears to be meritorious.” If the petitioner fails to demonstrate this, it is an abuse of discretion to grant the motion. (Schreck v State of New York, 81 AD2d 882; Bivas v State of New York, 97 Misc 2d 524.)
In an action of this nature it is necessary to submit an affidavit or affirmation containing a showing of evidentiary facts by a physician competent to attest to the meritorious nature of the cause of action. (Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center, 81 AD2d 658.)
*403 This requirement is not satisfied by an unverified medical report of a treating physician even though accompanied by an affidavit of claimant’s attorney who has expertise in medical malpractice litigation. (Jolley v State of New York, 106 Misc 2d 550; Fink v State of New York, NYLJ, Sept. 17, 1981, p 12, col 5.)
In the matter at bar the facts are attested to by one of petitioner’s attorneys who is also a physician. This is not the ordinary case where an attorney makes argument based upon facts. (See Zuckerman v City of New York, 49 NY2d 557, 564 [Meyer, J., concurring].) It is an exceptional case where an attorney takes on the role of medical expert and verifies facts. It is a practice to be discouraged.
The Canons of Ethics deal with various aspects of this question. (Code of Professional Responsibility, EC 5-10, DR 5-101 [B]; DR 5-102.) The purpose behind these provisions is to avoid the unseemly situation where an advocate may be exposed to arguing his own credibility before the trier of facts. (North Shore Neurosurgical Group v Leivy, 72 AD2d 598.)
We are mindful that the reported cases deal with trial testimony, but we believe that the same principle is applicable on a motion of this nature.
Moreover, it has not been shown why an affidavit cannot be obtained from a physician who will have no pecuniary interest in the outcome of the case, nor why the requirement of one would impose an undue hardship on the petitioner.
For these reasons the affidavit of merit is rejected and the motion is denied without prejudice to renewal upon proper papers. The court has not considered, nor does it rule upon any of the other factors mentioned in subdivision 6 of section 10 of the Court of Claims Act.