OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a motion for permission to file a late claim against the State of New York.
On September 13, 1982, Phyllis Edwards was a passenger on a bus operated by the New York City Transit Authority when it was struck by a van. Ownership of the van by the State of New York was not ascertained until the end of January, 1983.
No claim was filed within 90 days after the incident. (See Court of Claims Act, § 10, subd 3.) Thus, this application was made.
Of the six enumerated factors which we must consider in deciding this motion, we first turn to whether the claim appears to be meritorious. (Court of Claims Act, § 10, subd 6; see Bay Terrace Coop. Section IV v New York State Employees’ Retirement System Policemen’s & Firemen’s Retirement System, 55 NY2d, 979.)
This action involves a motor vehicle collision that is subject to article XVIIÍ of the Insurance Law, commonly known as the “No-Fault Law”. Under that statute, personal injury actions arising out of the negligent use of a motor vehicle are subject to particular restrictions. Specifically, in suits between “covered persons” there is no right *356 of recovery for “basic economic loss” or for “non-economic loss [e.g., pain and suffering], except in the case of a serious injury” (Insurance Law, § 673, subd 1; see Montgomery v Daniels, 3.8 NY2d 41, 46-48.)
“Basic economic loss” includes such items as medical and hospital expenses and loss of earnings from work, up to a ceiling of $50,000. These accident-related expenses are enumerated in subdivision 1 of section 671 of the Insurance Law.
“Serious injury” is also defined by statute. It means “a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.” (Insurance Law, § 671, subd 4.)
In this situation, both Ms. Edwards and the State of New York come within the ambit of the limitations of the “No-Fault Law”. (Insurance Law, § 671, subd 10; § 673, subd 1; Vehicle and Traffic Law, § 321, subd 2; see Joyce v Winkler, 71 AD2d 28; see, also, Insurance Law, § 672, subd 1, par [a].) However, there is no way to determine from the papers before us whether the threshold requirements for a cause of action under the No-Fault Law have been met. Therefore, the claim cannot be said to have merit and it would be an abuse of discretion to grant the motion. (See Schreck v State of New York, 81 AD2d 882; Goldstein v State of New York, 75 AD2d 613; Bivas v State of New York, 97 Misc 2d 524.)
No showing was made that Ms. Edwards suffered a “serious injury” as a result of the collision with the State vehicle. (See Licari v Elliott, 57 NY2d 230; Hezekiah v Williams, 81 AB2d 261.) The only statements specifically addressing this “no-fault” limitation appear in the proposed claim and the attorney’s affirmation. They are *357 merely conclusory allegations which at best paraphrase the statutory definition. This is palpably insufficient. (See Colona v Norwood, 78 AD2d 883; Simone v Streeben, 56 AD2d 237.) An affidavit or affirmation containing a showing of evidentiary facts by a physician competent to attest to the extent of injury should generally be submitted in this context. (See Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center, 81 AD2d 658; Colson v State of New York, 115 Misc 2d 402.) In some cases hospital records will suffice. (See Goldstein v State of New York, supra.) Exceptions to this rule, as where a claimant has lost a limb, are inapplicable to the instant motion. (See Shaw v Tague, 257 NY 193.)
In addition, the pleadings are entirely devoid of any allegation that the accident generated expenses in excess of “basic economic loss”. Quite the contrary, except for approximately $1,000 in lost earnings, all other pertinent items of expense (e.g., medical, nursing, hospital services and medicine) appear as “unknown” amounts in the proposed claim. (See Ayala v Reyes, 66 AD2d 790.)
Since we cannot conclude that the claim is meritorious, the motion is denied without prejudice to renewal upon proper papers. The court has not considered, nor does if rule upon any of the other factors mentioned in subdivision 6 of section 10 of the Court of Claims Act.