■ YONADAV S. KUSHNER, an Infant, by His Father and Natural Guardian, HOWARD KUSHNER, et al., Plaintiffs, v CORNING GLASS WORKS, Defendant and Third-Party Plaintiff-Appellant. RACHAEL KUSHNER, Third-Party Defendant-Respondent. — Order of the Supreme Court, Rockland County (Sullivan, J.), entered March 21, 1983, affirmed, with costs. (See *Holodook v Spencer,* 36 NY2d 35.) O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.

■ RUBY D. LACHICA, Respondent, v STATE OF NEW YORK, Appellant, et al., Defendants. (Claim No. 68248.) — In a claim to recover damages for breach of contract, defendant State of New York appeals from an order of the Court of Claims (Orlando, J.), dated August 5, 1983, which, *inter alia,* granted claimant's motion insofar as it sought leave to file a late claim against it for breach of contract (see Court of Claims Act, § 10, subd 6). ¶ Order affirmed, with costs. ¶ Where, as here, the majority of the factors enumerated in subdivision 6 of the section 10 of the Court of Claims Act are in favor of claimant, the Court of Claims cannot be said to have abused its discretion by granting the application to file a late claim (see, e.g., *Bay Terrace Coop. v New York State Employees' Retirement System,* 55 NY2d 979; *Matter of Butler v State of New York,* 81 AD2d 834). Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.

■ STEVEN LEEDS et al., Respondents, v STURM, RUGER AND CO., INC., Appellant. — In an action sounding in negligence, breach of warranty and strict liability to recover damages for personal injuries, etc., defendant Sturm, Ruger and Co., Inc., appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 1, 1983, which denied its motion to dismiss the complaint on the ground of *res judicata.* ¶ Order reversed, on the law, with costs, and defendant's motion to dismiss the complaint granted. ¶ An earlier action against the defendant sounding in negligence, breach of warranty and strict liability was dismissed pursuant to CPLR 3126 (subd 3) because of plaintiffs' failure to comply with a conditional preclusion order concerning discovery and inspection. The order of dismissal did not state that it was on the merits. No appeal was taken from that order. Instead, plaintiffs commenced this second action against the defendant, identical to the first. Defendant's answer interposed the affirmative defense of *res judicata.* Special Term denied its motion to dismiss on that ground, noting that the prior order of dismissal did not state that it was on the merits and should not be construed as "intend[ing] anything more than to punish the plaintiffs for failure to disclose by requiring them to bring a new action". We cannot agree. ¶ In a similar set of circumstances (*Barrett v Kasco Constr. Co.,* 56 NY2d 830, 831), the Court of Appeals has held that "although the prior judgment * * * does not specifically recite that it is 'on the merits', that judgment should be given *res judicata* effect in order to prevent the plaintiff from circumventing the preclusion decree". We believe that *Barrett* is dispositive of the case at bar (see, also, *Strange v Montefiore Hosp. & Med. Center,* 91 AD2d 507, affd 59 NY2d 737; *Schicchi v Green Constr. Corp.,* 100 AD2d 509; *Bieniek v Miller Drug Stores,* 25 AD2d 941). Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.