■ ALVIO L. CALZADA, Appellant, v STATE OF NEW YORK, Respondent.—Order of the Court of Claims (Louis C. Benza, J.), entered on or about October 1, 1985, which denied claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10 (6), is unanimously reversed, on the law, the facts and in the exercise of discretion, and leave to file a late claim within 10 days of service upon him of a copy of this court's order with notice of entry is granted, without costs.

Appellant Calzada, a steamfitter employed by a private contractor, was assigned, on February 21, 1985, by his employer to repair ceiling pipes in the basement of the State-owned Alfred E. Smith Building at 80 Centre Street in the Borough of Manhattan. He was furnished with a mobile scaffold by the State. In the course of his work the middle part of the platform gave way, causing plaintiff to fall through and strike the base of his spine on a projecting angle iron of the scaffold frame.

Claimant, a Connecticut resident, went to a hospital near his home on the evening of his accident where his injury was diagnosed as a broken coccyx (tailbone).

The period for timely filing of a notice of claim in connection with this incident expired on May 21, 1985. Claimant contends that the pain of his injury disabled him during most of this period (although no supporting medical proof was attached to his motion papers). He further alleges that he reported for work at the same jobsite in May and, although he was unable to continue because of his pain, a State representative interviewed him fully with respect to the facts and circumstances surrounding the accident. Furthermore, claimant alleges that, at the time he sustained his injury, State employees were present at the scene or knew about it within minutes thereafter.

After consultation with Connecticut lawyers who referred him in turn to New York counsel, claimant served and filed his notice of claim on July 9, 1985, 48 days after the 90-day filing period had expired.

In its opposition to this application, no affidavit has been submitted by the State from anyone with personal knowledge. Nothing more than legal argument was offered in an opposing affirmation from an Assistant Attorney-General, citing alleged deficiencies in claimant's moving papers. The court below, while conceding that claimant satisfied two of the six specifically enumerated factors required by the statute to be considered, namely a meritorious claim and the absence of any other equivalent legal remedy, nevertheless concluded that to grant relief would not be in the best interests of justice. We hold, on the contrary, that the mix of circumstances presented by this case falls well within the remedial purposes of the amendment to this section of the Court of Claims Act enacted in 1976 (L 1976, ch 280, § 2), mindful that this amendment was designed "to vest broader discretion in the courts to permit late filings than previously existed, indicating a strong concern that litigants with meritorious claims be afforded their day in court." *(Plate v State of New York,* 92 Misc 2d 1033, 1036.)* In our view, it was an improvident exercise of discretion for the court below to deny this claimant relief. The Court of Claims found fault with claimant in not naming the State employees who either witnessed the accident or were present at the scene shortly thereafter, as well as his failure to identify the State representative who took a statement from him at the building site in May 1985. The court also found that the State had been prejudiced by late notice here because the scaffold was no longer available.

Such focus upon the purported shortcomings of claimant's presentation was misplaced in view of the less than forthcom-

ing and wholly disingenuous stance adopted by the State in opposition. Surely, the State itself was in a far better position than claimant to locate and identify the names of its employees who were present at the accident situs on February 21, 1985. The same may be said with respect to the State investigator who interviewed claimant and prepared a written statement of his claim. Nowhere does the State deny the existence of this report, which for aught that appears furnished the State with timely actual notice of the incident.

Furthermore, the State has failed to sustain its contention that any prejudice has been occasioned by the asserted loss or present unavailability of a critical item of evidence, namely, the defective scaffold. The Court of Claims concluded that "the State alleges it is unaware of its existence." This overstates defendant's position; the only statement found on this score in the opposing papers is: "obviously physical evidence could not be preserved." On the contrary, this proposition is not "obvious" at all. Just why a defective scaffold owned and controlled by the State, and known to be involved in a serious accident, has vanished is nowhere explained. That assertion also falls far short of a showing that the scaffold has not, in fact, been preserved.

Claimant has provided an ample basis for the favorable exercise of discretion vested in this court to grant leave for late filing of his notice of claim (*Rios v State of New York*, 67 AD2d 744; *Lachica v State of New York*, 101 AD2d 881), and we therefore reverse and order accordingly. Concur—Kupferman, J. P., Sullivan, Asch, Fein and Wallach, JJ.