OPINION OF THE COURT
Gerard M. Weisberg, J.
CPLR 4515 provides that an expert witness “may state his opinion and reasons without first specifying the data upon *213 which it is based.” Case law holds further that such testimony is not defective even if the underlying analysis is not provided on direct examination. The issues before us now, which are apparently ones of first impression, are: (1) does this evidentiary rule apply to a late claim motion; and (2) does a physician’s affidavit which opines that there has been a departure from good and accepted medical practice, without elaborating or explaining what was done and how it was improper, establish that the proposed claim appears to be meritorious? (Cf., Court of Claims Act § 10 [6].)
The claim sought to be filed sounds in part in medical malpractice. The cases hold, and the claimant does not dispute, that for us to find that it appears meritorious, a physician’s affidavit must accompany the papers. (See, e.g., Schreck v State of New York, 81 AD2d 882; Matter of Edwards v State of New York, 119 Misc 2d 355.)
The affidavit submitted states in toto:
"1. I am a physician duly licensed to practice medicine in the State of New York.
"2. I have reviewed various medical records, including the Downstate Medical Center hospital chart pertaining to Louis Favicchio.
"3. After reviewing these records, it is my opinion with a reasonable degree of medical certainty that personnel at the Downstate Medical Center departed froni good and accepted medical practice.
"4. It is my further opinion, with a reasonable degree of medical certainty that these departures were substantially contributing factors to the pain and suffering and wrongful death suffered by Louis Favicchio.”
In response to defendant’s objection to the sufficiency of this submission, claimant relies on CPLR 4515, arguing that inasmuch as the expert’s naked conclusion would not be objectionable at trial, it should not be objectionable now. We disagree.
Prior to the enactment of the CPLR, the rule was that the opinion of an expert could not be elicited unless in the form of a hypothetical question, exposing all the data on which the expert relied. Moreover, all such facts had to be in evidence. (5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4515.01, 4515.03.)
After the adoption of CPLR 4515, the use of hypotheticals became optional. (Op. cit, ¶¶ 4515.01, 4515.03.) The phraseology of the statute, however, raised two questions: (1) must an expert state the reasons for his conclusion in his direct testi *214 mony; and (2) what happens if the data on which he or she relied is not elicited? (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4515, 1989 Supp Pamph, at 377.) Answering both questions, the courts have held that provided the facts upon which the opinion is based' are in evidence and "fairly inferable” therefrom, the expert need not particularize them nor explain how the conclusion was reached — although these omissions can properly effect the weight to be given to the testimony. (Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414; People v Crossland, 9 NY2d 464.) "It does not, however, change the basic principle that an expert’s opinion not based on facts is worthless”. (Caton v Dong Urban Constr. Co., 65 NY2d 909, 911; 2641 Concourse Co. v City Univ., 137 Misc 2d 802, affd on opn below 147 AD2d 379.)
Here, the only facts relied on were the decedent’s medical records which were not included in the moving papers. They are therefore not before us and the opinion is objectionable for that reason.
There is a more fundamental problem with this affidavit, however. Even if the medical records were annexed, we would still not be able to evaluate the opinion in the absence of some explanation as to what was done wrong and why it was a departure from good and accepted medical standards. To argue that since CPLR 4515 would authorize such a procedure at trial, it must be sufficient now, assumes a proposition for which we have found no authority and as to which we have serious reservations.
CPLR 4515 does not require the exposition of an expert’s analysis and reasons on direct examination because such underpinnings are subject to revelation and scrutiny on cross-examination. Obviously, no such opportunity is present at this stage of the proceedings, prejudicing the State and leaving the court completely in the dark. There is no way we can perform our judicial obligation under Court of Claims Act § 10 (6) when the expert states, essentially, that he thinks malpractice was committed without telling us where, when or how. Such "take it” or "leave it” opinions are worthless (2641 Concourse Co. v City Univ., 137 Misc 2d 802, affd on opn below 147 AD2d 379, supra) at least on a late claim motion where there is no opportunity for cross-examination.
*215 We therefore hold that CPLR 4515 does not apply to a late claim motion. For us to be able to give weight to an expert opinion, sufficient facts and analysis must be included for us to reasonably evaluate it. This affidavit fails that test. (See, Matter of Edwards v State of New York, 119 Misc 2d 355, supra.)