OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimant seeks permission to file a late claim pursuant to Court of Claims Act § 10 (6). The proposed claim does not offend CPLR article 2. The underlying cause of action herein relates to a motor vehicle accident occurring on December 17, 1990, in which the decedent, Barbara L. Nyberg, was injured and later died. Her husband, claimant herein, purportedly received letters of administration on April 2, 1991.
One cannot dispute the claimant’s professed grief and distraction over the death of his wife. Nonetheless, it is apparent that other legal proceedings concerning the decedent’s estate were reviewed within 90 days of the accident. The excuse offered for the failure to timely file a claim or notice of intention is essentially ignorance of the filing requirements of Court of Claims Act § 10 (2) and (3), or possibly law office failure, neither of which is excusable (Sessa v State of New York, 88 Misc 2d 454, 459, affd 63 AD2d 334, affd 47 NY2d 976). Regardless, the failure to satisfy all six statutory criteria is not fatal (Bay Terrace Coop. Section IV v New York State Empls.’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979).
Claimant contends that timely notice of the essential facts constituting the claim was given when one Greifer, a passenger in the same vehicle as the decedent at the time of the accident, filed a notice of intention. Claimant urges that the Greifer notice of intention provided defendant with a timely opportunity to investigate, and then adds a second timely notice of intention, filed by a second passenger in the same vehicle as the decedent.
A newspaper article published some 10 months after the accident, reporting the postaccident approval by the defendant of a modification to the road design, has been supplied. When viewed in conjunction with the filed notices of intention, claimant urges that the defendant would suffer no prejudice were this application to be granted. Defendant demurs, arguing that it would be greatly prejudiced, inter alla, because the accident in question was investigated by local rather than State Police agencies. It also suggests that the 13-month delay since the accident causes prejudice since the tire marks, etc., *201 are transitory in nature. I view such allegations of prejudice with a degree of scepticism, as the traditional 90-day filing period allowed for negligence claims (Court of Claims Act § 10 [3]), is itself of such duration as to allow dissipation of tire marks and other putatively transitory factors, thus potentially impeding or prejudicing defendant’s investigation.
Of course, the cause of action for wrongful death (as opposed to personal injury) could have been filed after appointment of the administrator, more than six months after the accident, on or about July 1, 1991 (Court of Claims Act § 10 [2]). Assertions of prejudice due to transitory conditions seem less compelling when viewed in this context. Regardless, with timely filed notices of intention from two fellow passengers in the same accident, I cannot discern measurable prejudice to the defendant, and certainly not the substantial prejudice articulated in section 10 (6).
The defendant suggests the availability of remedies against the driver of the vehicle in which the decedent was riding, as well as the drivers of the two other vehicles involved in this accident. Claimant fails to address or dispute this question.
The final factor is the appearance of meritoriousness of the proposed claim. The essence of the claim is the defendant’s alleged negligence in the construction and design of State Route 17 at or about its intersection with State Route 59, specifically in its failure to have erected a median barrier, and in the failure to install proper signs or control vehicle speed at the location. Defendant responds, without refutation, that very few roadways in the State of New York have a median barrier between opposing lanes. The motion is supported solely by the affidavits of claimant’s counsel and an unverified proposed claim. Defendant suggests that in the absence of an affidavit of an engineer or any expert in highway design and construction accompanying the proposed claim, no meritorious cause of action is alleged.
This serious deficiency in claimant’s application raises very troublesome issues for me. On one hand, two notices of intention are already filed with the court, one of which specifically alleges the same theory of negligence based upon the absence of a median barrier. The claims based upon those notices of intention will not have to meet the statutory prerequisite of the appearance of meritoriousness (Court of Claims Act § 10 [6]). Those claimants benefit by having timely complied with the filing requirements of Court of Claims Act § 10.
*202 On the other hand, one who has not timely filed operates under a far more circumscribed set of protocols. The Legislature, as part of its waiver of sovereign immunity, granted discretion to the Judges of the Court of Claims to allow late filings where, inter alla, the claim appears to be meritorious. This burden falls to the applicant. In other such applications, I have found the absence of the appearance of merit alone sufficient to deny the motion, notwithstanding the unique circumstances of Marcus v State of New York (172 AD2d 724), where the court found that since the only available remedies were against disputing governmental entities (the State and the County of Suffolk both disputed ownership of the site of a motor vehicle accident), denial of a late claim application solely on the absence of merit, without considering any other enumerated factors, was not warranted.
Thus, in seeking the court’s discretion, claimant presents only a lay opinion that the defendant was negligent in the design and construction of the highway, and in the failure to have erected a median barrier. It seems implausible that such a lay opinion can support the contention that the absence of a median barrier was a proximate cause of the accident. In another context, relating to medical malpractice, it has been held that while allegations in an attorney’s affidavit are normally deemed true for the purposes of the motion (see, Sessa v State of New York, 88 Misc 2d 454, 458, affd 63 AD2d 334, affd 47 NY2d 976, supra), the rule benefits only the statements of an individual who has the knowledge or expertise required to support the cause of action pleaded (Jolley v State of New York, 106 Misc 2d 550, 551-552; Colson v State of New York, 115 Misc 2d 402; Matter of Edwards v State of New York, 119 Misc 2d 355; see, Favicchio v State of New York, 144 Misc 2d 212 [where a late claim application was denied because the expert opinion of a physician was found wanting]).
As I noted, a claimant seeking the court’s discretion has a greater burden than one who has timely initiated proceedings and simply files a claim. Claimant cannot simply hitch a ride on another claimant’s action; his action must stand on its own. Simply stated, he has failed to demonstrate the appearance of merit. By relying solely on the opinion of one who is not qualified, there is no reasonable cause to believe that a valid cause of action exists (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11). The mere existence of a similar claim by a passenger in the same vehicle does not *203 allow me to abandon my responsibility and simply presume merit in the proposed claim.
I hold that, in similar circumstances, late claim applications alleging negligence in highway design and construction must be supported by the sworn opinion of someone with related expertise. The absence of a supporting opinion will likely make such a late claim application untenable, albeit allowing for ad hoc exceptions similar to certain medical malpractice claims where a medical opinion may not be necessary if common everyday experience and knowledge allow an assessment of the circumstances (for example, when a clinic fails to inform a patient of a "positive” radiology report [Matter of Caracci v State of New York, 178 AD2d 876]).
Accordingly, upon balancing the statutory factors (Lachica v State of New York, 101 AD2d 881), I decline to exercise discretion in claimant’s favor. The motion is denied.