OPINION OF THE COURT
Michael E. Hudson, J.
Claimant has moved pursuant to Court of Claims Act § 10 (6) to file and serve a late claim.
Claimant seeks to recover for back injuries allegedly sustained in a fall on May 21, 2014, while working at Hayes Hall on the University of Buffalo south campus. According to the proposed claim, at the time of the incident Mr. Lee was positioned at an elevated height on planks that were not properly secured to the ceiling joists, in violation of Labor Law § 240. Claimant now seeks leave to file and serve a late claim against the State to recover for the injuries he allegedly sustained in his fall. For reasons that follow I will deny the motion, without prejudice to a further application.
Court of Claims Act § 10 (3) compels that a claim to recover for negligence or other unintentional tort be filed and served within 90 days of accrual, unless a notice of intention to file a claim is served upon the Attorney General within that same time limit, in which case the allowable period for commencement would extend to two years from accrual. Those time limits are jurisdictional in nature, and are to be strictly construed as conditions to the State’s waiver of its sovereign immunity (see Alston v State of New York, 97 NY2d 159 [2001] [addressing time limitations under Court of Claims Act § 10 (4)]; Welch v State of New York, 286 AD2d 496, 497-498 [2d Dept 2001]). Discretionary relief from the failure to comply with those time constraints is authorized under Court of Claims Act § 10 (6), which identifies six factors among those to be weighed in reviewing such an application. The presence or absence of any specific factor is not determinative (Bay Terrace Coop. Section *203 IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979, 981 [1982]; Matter of Gavigan v State of New York, 176 AD2d 1117, 1118 [3d Dept 1991]). Those factors consist of the following: whether the delay-in filing the claim was excusable; whether the State had notice of the essential facts constituting the claim; whether the State had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file and serve a timely claim or serve a timely notice of intention resulted in substantial prejudice to the State; and whether the claimant has any other available remedy.
In conducting my review I note that claimant did not tender his own affidavit addressing the factors set forth within section 10 (6), and did not verify his proposed pleading. Nor was any other evidentiary submission included within his motion papers. Rather, the motion is dependent in its entirety upon an affirmation of counsel that is largely conclusory in scope. Absent some evidentiary support I will decline to favorably exercise my discretion and allow for the late filing of a claim.
In denying the application I am mindful that section 10 (6) does not expressly require an evidentiary affidavit as a predicate to the grant of relief. I also have considered that some case authority suggests that on late claim applications assertions raised in an attorney’s affidavit can be credited, albeit to a limited extent. Notably, in Nyberg v State of New York (154 Misc 2d 199 [Ct Cl 1992]), the Honorable Donald J. Corbett, Jr., faced a similar motion for late claim relief supported solely by an affidavit from the movant’s attorney, and an unverified proposed claim. In denying the application the court rejected the attorney’s attempt to offer a lay opinion regarding negligent highway design and construction in weighing merit, but did consider other arguments raised in the attorney’s affidavit. In the course of his decision Judge Corbett observed that “allegations in an attorney’s affidavit are normally deemed true for the purposes of the [late claim] motion,” and cited Sessa v State of New York (88 Misc 2d 454, 458 [Ct Cl 1976], affd 63 AD2d 334 [3d Dept 1978], affd 47 NY2d 976 [1979]), as so holding (see 154 Misc 2d at 202). The court then tempered that assertion with the further comment that “the rule benefits only the statements of an individual who has the knowledge or expertise required to support the cause of action pleaded” (id.). On close review, however, it is clear that *204 Sessa did not address the reliability of attorney affidavits on a late claim motion. Indeed, while the movants in Sessa did submit their own affidavit on knowledge, the case record reflects that no attorney affidavit was supplied to the court. Moreover, the denial of relief was based on untimeliness, and whether retroactive effect could be given to section 10 (6), as enacted in 1976. Although the motion was decided as a matter of statutory interpretation, the Honorable Albert A. Blinder did offer the general observation that “[flacts stated in a motion for leave to file a late claim against the State are deemed true for purpose of motion,” albeit with the constraint “when not denied or contradicted in opposing affidavits” (see 88 Misc 2d at 458). Ultimately, Sessa cannot be deemed to support that nonevidentiary attorney affidavits should be accepted on their merits in a late claim review. To the extent that Judge Corbett did consider an attorney affidavit in Nyberg, that review followed his own caution that the affiant must still demonstrate knowledge or expertise sufficient to support the claim. I further note that there is appellate authority that undermines any perceived holding or rule that the allegations of an attorney should normally be accepted in late claim applications (see Matter of Powell v State of New York, 187 AD2d 848, 848-849 [3d Dept 1992]; Calzada v State of New York, 121 AD2d 988, 989 [1st Dept 1986]). That Powell and Calzada addressed the issue as it arose in the State’s opposition to late claim relief is of no moment, unless a dual standard for weighing arguments on such reviews is expected.
More generally, I am mindful that in any context an attorney’s submission that does not purport to be on knowledge lacks probative value, thereby undermining fact-based arguments offered therein in support of relief (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980] [affirmation of attorney not on personal knowledge is without evidentiary value on summary judgment motion]). Indeed, the lack of evidentiary value of an attorney’s affidavit made without personal knowledge has served as a ground for the denial of similar applications for leave to file a late notice of claim against a municipality pursuant to General Municipal Law § 50-e (see Matter of Persi v Churchville-Chili Cent. School Dist., 72 AD2d 946 [4th Dept 1979], affd 52 NY2d 988 [1981] [attorney affidavit made upon information and belief and without personal knowledge of facts did not constitute competent evidence necessary for court to engage in discretionary review under section 50-e]). Those *205 principles are also consistent with Judge Corbett’s own cautionary language in Nyberg, i.e., that concerns regarding both knowledge and expertise are presented in reviewing the allegations within an attorney affidavit.
So guided, I am willing to consider factual allegations of attorneys on late claim applications that purport to be on knowledge, and indeed such statutory factors as notice, or the existence of an alternate remedy, could commonly be addressed by counsel. However, I do not believe that nonevidentiary assertions by counsel should be accepted as true as a normal practice in reviewing such motions.
Based upon the foregoing, it is hereby ordered, that claimant’s motion is denied, without prejudice to a further application supported by evidentiary proof.