Anderson v State of New York (2024 NY Slip Op 51066(U))

[*1]

Anderson v State of New York

2024 NY Slip Op 51066(U)

Decided on August 7, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 7, 2024
Court of Claims

Carol Anderson, Claimant,

against
The State of New York,[FN1] Defendant. .

Claim No. NONE

FOR CLAIMANT:
DELL & DEAN, PLLC.
By: Joseph Gerard Dell, Esq., and
Andrea Rose Laterza, Esq.
FOR DEFENDANT: 
Letitia James, Attorney General
By: Alex J. Freundlich, Esq., AAG

Linda K. Mejias-Glover, J.

Movant moves by Notice of Motion filed with the Court on March 21, 2024, seeking an order, pursuant to Court of Claims Act § 10(6), granting her leave to file a late claim. Defendant submitted opposition to the motion, and Movant submitted a reply thereto.
 RELEVANT FACTUAL BACKGROUND AND POINTS OF COUNSEL
In support of the motion, Movant's counsel states that on December 4, 2021, Movant, Carol Anderson, suffered several serious injuries, as a result of her tripping and falling while walking down the sidewalk in front of 505 Main Street in Port Jefferson, New York, due to a metal rod/pole protruding from the sidewalk. There is a related action pending in the Supreme Court, State of New York, County of Suffolk. Counsel states that it was during the discovery process in the related action in Suffolk County Supreme Court, that Movant learned of the State's [*2]possible involvement in the incident, and immediately thereafter prepared the instant application. In further support of the motion, counsel argues the following: 1) the State will not be prejudiced should Movant's application be granted because on December 22, 2021, the Village of Port Jefferson forwarded the Notice of Claim containing the essential facts of the claim via email to Karyn Meyer of the New York State Department of Transportation (hereinafter "NYSDOT"), who then responded to the email on January 3, 2022 with an acknowledgement of the broken sign post and confirmation that NYSDOT "maintenance crews have cut the post to be flush with the sidewalk"; 2) Movant has a meritorious action as she sustained serious injuries as a result of her trip and fall over a defect, caused and created by the State; 3) the instant application is being filed within the applicable three-year statute of limitations (CPLR § 214[5]); 4) because the State had control over the subject defect to the extent that they cut the post to be flush with the sidewalk post-accident, Movant may not be able to maintain a companion action against any other entity and therefore may have no other remedy; and 5) Movant has a reasonable excuse because she was unaware of the State's involvement until served with a copy of a FOIL response served upon a co-defendant in the Supreme Court action as part of an Amended Discovery Response dated March 15, 2024.
In opposition to the motion, Defendant's counsel argues the following: 1) Movant's motion fails to allege a meritorious claim against the State as the condition that she alleges caused her injuries was the result of a Village parking sign located in the sidewalk area adjacent to a state highway; 2) that pursuant to Highway Law §46, the Village was responsible for maintaining the defect and Movant has not demonstrated that it was the State's duty to maintain such defect; 3) the State's voluntary decision to remove a hazard, i.e., the fallen sign, on the sidewalk where Movant fell did not supersede the Village's duty to maintain the sidewalk or impose on the State a duty to maintain the sidewalk; 4) Movant's excuse that lack of knowledge of the State's involvement in the incident and lack of knowledge as to which entity owned and maintained the subject condition does not reasonably excuse her from the Court of Claims Act notice requirements; and 5) Movant has another remedy available to her in the Supreme Court against the Village. In further opposition, Defendant submitted an affirmation from Christopher Williams, NYSDOT Resident Engineer, who states he is familiar with the alleged accident location. Mr. Williams states that NYSDOT employees removed the alleged defect, a metal stump from the subject sidewalk without first determining whether it was the State's responsibility to remove it. He stated that based upon his review of certain Google Street View images (attached to his affirmation as Exhibit 1), and NYSDOT records, which contain work orders for State-owned signs, the subject condition was not created by NYSDOT employees. He further states that apart from this one instance where the State removed the subject condition at the request of the Village, the State did not maintain the subject condition nor did the State own the sign or the subject condition at any time. He further states that the sign that allegedly once stood in the accident location was a parking sign in the Village, and that such parking signs have historically been maintained by the Village.
In reply, Movant's counsel points out the following: 1) the State has not contested that they had knowledge of the essential facts of the claim; 2) the State has not contested that they had an opportunity to investigate the allegations; and 3) the State has not stated they have or will be prejudiced. Next, counsel argues the following: 1) there is a low threshold for the merit standard when seeking to file a late claim, and Movant need only show that forthcoming action is not patently groundless, frivolous or legally defective, and that her submissions are sufficient, [*3]at this stage of the proceeding, to demonstrate that there appears to be merit to her claim within the meaning of Court of Claims Act § 10(6); 2) despite the State's contention that they do not own or maintain the subject sign, the State remedied the defect after being informed about it by the Village, which evinces their ownership or control; 3) the State cannot be absolved from liability at this premature juncture by arguing that the Village negligently maintained the sign; 4) a potential alternative remedy is not a valid reason to deny the instant application; 5) Movant was unaware of the State's involvement until served with a Defendant in the companion action's Amended Discovery Response dated March 15, 2024; and 6) Movant has demonstrated a reasonable excuse for her failure to file a timely claim as she was wholly unaware of the State's involvement and pursued legal action against other municipal and private entities who she believed to bear responsibility for her accident.

LAW AND ANALYSIS

The State's Waiver of Immunity Under Section 8 of The Court of Claims Act
The State's waiver of immunity under Section 8 of the Court of Claims Act is conditioned upon a movant's compliance with specific conditions set forth in article II, including the time limitations set forth in section 10 (see, Alston v State of New York, 97 NY2d 159 [2001]). These requirements must be "strictly construed and a failure to comply therewith is a jurisdictional defect compelling the dismissal of the claim" (Hargrove v State of New York, 138 AD3d 777, 777-778 [2d Dept 2016], quoting Welch v State of New York, 286 AD2d 496, 497-498 [2d Dept 2001]; see Finnerty v New York State Thruway Auth., 75 NY2d 721, 722-723 [1989]).
The Sufficiency of the Proposed Claim Under Court of Claims Act § 11 (b)
"Facts stated in a motion for leave to file a late claim ... are deemed true for purpose of [the] motion, when not denied or contradicted in opposing affidavits" (Sessa v State of New York, 88 Misc 2d 454, 458 [Ct Cl 1976], affd 63 AD2d 334 [3d Dept 1978], affd 47 NY2d 976 [1979]; see Schweickert v State of New York, 64 AD2d 1026 [4th Dept 1978]; Cole v State of New York, 64 AD2d 1023 [4th Dept 1978]). Here, Defendant has denied the allegations in the Proposed Claim.
Court of Claims Act § 11 (b) requires that a notice of intention or a claim "shall state the time when and place where such claim arose [and] the nature of same." Whether a claim is sufficient under Section 11 (b) is subject to strict scrutiny as sections 10 and 11 of the Court of Claims Act are jurisdictional (see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; see also Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]) and not waivable.
It is well-established that the failure to satisfy the substantive pleading requirements of Court of Claims Act § 11(b) is a jurisdictional defect that requires dismissal of the claim (see Hargrove v State of New York, 138AD3d 777 [2d Dept 2016]; Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Lepkowski at 206-207 [2003]; Czynski v State of New York, 53 AD3d 881, 882-883 [3d Dept 2008], lv denied 11 NY3d 715 [2009]).
The Court has reviewed the allegations contained within the four corners of the Proposed Claim and finds that the allegations contained therein are sufficient to satisfy the requirements of specificity of Court of Claims Act § 11 (b).
Motion to File a Late Claim
Court of Claims Act Section 10 (6) grants the Court the discretion to allow the filing of a late claim upon consideration of all relevant factors, including whether the movant's delay was excusable, whether defendant had timely notice of and the opportunity to investigate the pertinent allegations, whether defendant would suffer substantial prejudice should the motion be [*4]granted, whether the proposed claim has the appearance of merit and whether the movant has an alternate remedy. Additionally, an application pursuant to the statute must be made prior to the expiration of the underlying statute of limitations, and it must be supported by a proposed claim that complies with the pleading requirements of Court of Claims § 11(b). It is "well settled that in deciding whether to grant an application for leave to file a late claim, the presence or absence of any one of these factors is not controlling" (Weaver v State of New York, 112 AD2d 416, 417 [2d Dept 1985]).
Timeliness of the Motion Under Court of Claims Act §10 (6)
The first issue for determination upon a late claim motion is whether the motion was filed before the expiration of the applicable statute of limitations under CPLR Article 2 (Court of Claims Act § 10 [6]).
The applicable statute of limitations for a claim for personal injuries resulting from a trip and fall is three years from the occurrence (See CPLR §214[5]), and since the alleged accident occurred on December 4, 2021, the motion is timely.
Consideration of the Six Factors Under Court of Claims Act § 10(6)
Whether the Delay in Filing was Excusable
While it is true that the appellate courts have held that "barring very unusual circumstances, it has been held that ignorance of the law, lack of access to a law library, and lack of legal assistance are not viable excuses for filing a late claim" (Matter of Sandlin v State of New York, 294 AD2d 723 [3rd Dept 2002] lv. denied, 99 NY2d 589 [2003]; Thomas v State of New York, 272 AD2d 650, 651 [3rd Dept 2000]; P.A. v State of New York, 277 AD2d 671, 672 [3rd Dept 2000]).
In this instance, the Court finds that the delay in filing is reasonable based upon Movant's counsel's purported efforts to obtain relevant information from the Village by way of a FOIL request, which produced no documents, though it was later discovered that there were indeed relevant documents. Furthermore, the Court finds that Movant filed the late claim motion only a few days after receipt of information involving the State. Accordingly, this factor weighs in favor of granting the motion. 
Whether the Defendant Had Notice and the Opportunity to Investigate, and Whether the Defendant Will Suffer Substantial Prejudice
The next three factors to be addressed - whether the defendant had notice of the essential facts constituting the claim, whether the defendant had an opportunity to investigate the circumstances underlying the claim, and whether the failure to file or serve a timely claim resulted in substantial prejudice to the defendant - are interrelated and will be considered together.
Here, there has been no satisfactory showing that the Defendant lacked the opportunity to investigate or has or will suffer substantial prejudice if the motion is granted. As for whether the Defendant had notice, the Court is satisfied that it did have notice, as well as an opportunity to investigate the allegations. Accordingly, these factors weigh in favor of the motion.
Whether Movant has Another Available Remedy
With respect to the fifth factor to be considered - whether the Movant has another remedy available, the Court notes that existence of another remedy hinges on which entity is legally [*5]determined to have had the duty to maintain the alleged defect at issue, and therefore it is premature to determine whether another remedy is truly available to Movant. Accordingly, this factor weighs in favor of granting the motion.
Whether the Claim has the Appearance of Merit
The sixth and most important factor to be considered is whether the proposed claim appears meritorious, since it would be futile to permit a meritless claim to proceed (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 10 [Ct Cl 1977]). In order to establish a meritorious claim, a movant must demonstrate that the proposed claim is not patently groundless, frivolous, or legally defective, and that there is reasonable cause to believe that a valid claim exists (id. at 11). There is a heavier burden on a party moving for permission to file a late claim than on a claimant who has complied with the provisions of the Court of Claims Act (see id. at 11-12; see also Nyberg v State of New York, 154 Misc 2d 199 [Ct Cl 1992]).
At this stage of the proceedings, however the "[Movant] only has to establish the appearance of merit and need not prove a prima facie case" (see Allen v State of New York, 2002 WL 31940720, 2002 NY Slip Op 50505[U] [Ct Cl 2002], affd Matter of Allen v State of New York, 4 AD3d 835 [4th Dept 2004]).
Here, the Proposed Claim alleges that Defendant caused and created and permitted a defective condition to exist by improperly removing a sign, leaving behind a raised metal tripping hazard, which resulted in Movant sustaining serious injuries.
At this stage, the Court finds that the Proposed Claim is sufficiently plead to permit Defendant to investigate and assess its potential liability. Accordingly, this factor weighs in favor of granting the motion.

DECISION AND ORDER
Weighing all six the factors together, the Court will grant Movant leave to file a late claim.
Accordingly, it is hereby
ORDERED, that Motion No. M-100652, seeking leave to file a late Claim isGRANTED; and it is further
ORDERED, that Movant shall file and serve her claim with the State of New York as the only proper Defendant, within 40 days of the date of the filing of this decision and order, in conformity with the requirements of Court of Claims Act §§ 10, 11 and 11-a.
Dated: August 7, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read:
1. Notice of Motion, Affirmation in Support, Exhibits Annexed
2. Affirmation Opposition, Affirmation of Christoper Williams, Exhibits Annexed
3. Reply Affirmation

Footnotes

Footnote 1: The Court of Claims is a court of limited jurisdiction insofar as its reach extends only to New York State and certain public authorities as defendants (see Court of Claims Act § 9; Kevin A. Reilly, Practice Commentaries, McKinney's Cons Laws of NY; NY Const Art VI, § 9). Accordingly, the caption is amended sua sponte to remove The New York State Department of Transportation to reflect the only properly named defendant, the State of New York.